PEOPLE v BARNARD

Docket No. 78-4834. Submitted June 15, 1979, at Grand Rapids.—
Decided September 12, 1979.

Kenneth R. Barnard was convicted of second-degree murder,
Kalamazoo Circuit Court, Ronald M. Ryan, J. Defendant ap-
peals, alleging several errors. *Held:*

1. The trial court's instructions to the jury on second-degree
murder were proper. Failure to instruct on specific intent was
not error, because second-degree murder is not a specific intent
crime.

2. The trial court did not abuse its discretion in allowing the
prosecutor to recall the defendant for further cross-examination
after the other defense witnesses had testified where the defen-
dant was not prejudiced thereby.

3. Photographs of the deceased were properly admitted into
evidence where they were offered to aid medical witnesses in
their testimony regarding the condition of the body, they were
probative of the issues of intent and of nonaccident, and they
were not merely calculated to excite passion and prejudice.

4. Admission of expert testimony that the victim, a two-year-
old child, suffered from "battered child syndrome" was not
improper. The evidence was relevant to the issues of intent and
nonaccident. Similarly, the court properly admitted evidence of
previous injuries suffered by the deceased.

5. The evidence connecting the defendant with the child's
previous injuries and with the injury resulting in death, and
the evidence that the defendant had the requisite malice afore-
thought, was sufficient to justify the jury's determination of
guilt.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 10, 53.

[2] 40 Am Jur 2d, Homicide § 419.
 Colored photographs, admissibility in evidence. 53 ALR2d 1102.
 Admissibility of photograph of corpse in prosecution for homicide or
  civil action causing death. 73 ALR2d 769.

[3] 31 Am Jur 2d, Expert and Opinion Evidence §§ 111-113.

[4] 40 Am Jur 2d, Homicide §§ 426, 491.

1. HOMICIDE — SECOND-DEGREE MURDER — INTENT.
   Second-degree murder is not a specific intent crime.

2. HOMICIDE — EVIDENCE — PHOTOGRAPHS.
   Photographs of a homicide victim may properly be admitted into evidence where they are probative of the injury which caused the death and relevant to the issues of intent and lack of accident, and where they are not merely calculated to excite passion and prejudice.

3. HOMICIDE — EVIDENCE — BATTERED CHILD SYNDROME.
   The trial court did not err in admitting expert testimony in a murder trial that a deceased child suffered from "battered child syndrome" because such a diagnosis indicated only lack of accident and does not suggest that a particular person injured the child and was highly relevant to the material issues of intent and lack of accident.

4. HOMICIDE — EVIDENCE — SUFFICIENCY OF EVIDENCE.
   The test of whether the evidence of a defendant's criminal responsibility and malice aforethought is sufficient to convict the defendant is whether the evidence presented by the prosecution would justify a reasonable person in concluding that all elements of the charged offense had been established beyond a reasonable doubt; in reaching their conclusion, the jurors are entitled to draw reasonable inferences from the circumstantial evidence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Judy A. Hughes,* Appellate Attorney, for the people.

*DeVries & Lamb, P.C.* (by *William A. Redmond*), for defendant on appeal.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

PER CURIAM. Defendant was charged with the murder of a two-year-old child. He appeals his conviction by a jury of second-degree murder, MCL 750.317; MSA 28.549. He was sentenced on Octo-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ber 3, 1977, to a prison term of 15 to 30 years. His motion for new trial was denied on September 25, 1978. We find no reversible error.

Defendant's argument that the trial court erred in failing to instruct the jury that "specific intent" is an element of second-degree murder is without merit. The charge followed the standard criminal jury instructions. CJI 16:3:01. Second-degree murder is not a "specific intent" crime. See *People v Garcia*, 398 Mich 250, 259; 247 NW2d 547 (1976), distinguishing *Wellar v People*, 30 Mich 16 (1874).

Defendant also argues that reversible error was committed by the trial court in allowing the prosecutor to recall defendant for further cross-examination after the other defense witnesses had testified. Review of the record fails to reveal any prejudice to defendant by reason of this ruling. The record does not suggest an abuse of the trial court's discretion in this regard. Compare *People v Poe*, 388 Mich 611, 619-620; 202 NW2d 320 (1972), *reversing* 27 Mich App 422; 183 NW2d 628 (1970).

At trial, five photographs of the deceased child were admitted into evidence. We have reviewed the photographs and find them to be neither gruesome nor inflammatory. They were offered into evidence to aid medical witnesses in their testimonial description of the condition of the child's body at the time of death. Indeed, the photos reveal arguably less extensive injuries than the jurors might have imagined if the sole evidence of the injuries had been the trial testimony of the various witnesses. There was additional probative value in the photos' relevance to the issues of intent and nonaccident. In light of the theory of the defense, the necessarily circumstantial nature of the prosecution's evidence, and the absence of unrebutted proof of the circumstances surrounding

the child's death, we find that the photos were not erroneously admitted. We are convinced that they were not merely calculated to excite passion and prejudice. *People v Eddington,* 387 Mich 551, 562-563; 198 NW2d 297 (1972). *People v Falkner,* 389 Mich 682, 685-686; 209 NW2d 193 (1973).

Defendant further argues that reversible error occurred in the admission of expert opinion testimony that the deceased suffered from "battered child syndrome". Battered child syndrome is a widely recognized medical diagnosis which indicates that a child has been injured by other than accidental means. The emergency room physician testified that his final diagnosis, after pronouncing the child dead, was battered child syndrome. The pathologist who performed the autopsy on the child's body testified that his findings were consistent with battered child syndrome. We find no error in the admission of this testimony. The diagnosis indicates only lack of accident and does not suggest whether a particular person injured the child. We agree with the courts of other jurisdictions which have found no error in admitting testimony about battered child syndrome. The witnesses were qualified to testify concerning battered child syndrome. The evidence was highly relevant to the material issues of intent and nonaccident. See, *e.g., Commonwealth v Labbe,* — Mass App —; 373 NE2d 227 (1978), *State v Goblirsch,* 246 NW2d 12 (Minn, 1976).

Nor do we find error in admission of evidence of previous injuries suffered by the deceased child. This issue is closely connected with the preceding one. There was extensive testimony about prior injuries—severely burned feet, burned arm, black eyes, fractured ribs, fractured leg, extensive bruises. We have carefully reviewed the record

and conclude that the evidence was material, relevant and admissible. The nature of the charge against defendant necessitated significant reliance by the prosecution on circumstantial evidence. In similar cases, courts of other jurisdictions have found no error in admission of evidence of prior injuries suffered by the deceased child. See *Commonwealth v Labbe, supra,* (relevant to the state of mind), *People v Weisberg,* 265 Cal App 2d 476; 71 Cal Rptr 157 (1968) (intent, malice aforethought), *People v Drumheller,* 15 Ill App 3d 418; 304 NE2d 455 (1973) (intent, refutation of accident or recklessness), *State v Tornquist,* 254 Iowa 1135; 120 NW2d 483 (1963) (malice, ill will). See also *State v Goblirsch, supra, State v Blocher,* 10 Or App 357; 499 P2d 1346 (1972). We are satisfied that evidence of the prior condition of the child was properly admitted.[1]

Defendant challenges the sufficiency of evidence connecting him with the child's prior injuries as well as the sufficiency of evidence that he caused the injury or injuries resulting in the child's death or that he had the requisite malice aforethought. After careful review of the record, we reject these challenges. There was sufficient circumstantial evidence that defendant was responsible for the prior

---

[1] The evidence of the child's prior condition was admitted under the "similar acts" statute. MCL 768.27; MSA 28.1050. We disagree that admissibility was governed by this statute. Circumstantial evidence of injuries sustained by the child during the time period in which defendant was living in the home with the child's mother, the nature of those injuries, and the lack of such injuries prior to the time defendant moved into the home was material and relevant to the resolution of disputed issues relating to the identity of the person who caused the injuries, the intent with which they were caused and the lack of accident. As such, it was competent circumstantial evidence admissible to prove the crime charged.

Even if the admission of the evidence under the "similar acts" theory was improper, therefore, no reversible error occurred since there was a valid alternative theory under which the evidence was admissible.

injuries suffered by the child. There was medical testimony, for example, which indicated that the injuries did not appear until after defendant began to babysit for the child. There was also testimony, including defendant's own testimony, that the child was in defendant's exclusive custody at the time some of the injuries were sustained.

With respect to defendant's challenge to the sufficiency of evidence of his criminal responsibility and malice aforethought, the test is whether the evidence presented by the prosecution would have justified a reasonable person in concluding that all elements of the charged offense had been established beyond a reasonable doubt. *People v Johnson,* 83 Mich App 1, 17-18; 268 NW2d 259 (1978), *People v Edgar,* 75 Mich App 467, 470-474; 255 NW2d 648 (1977). The jurors were entitled to draw reasonable inferences from the circumstantial evidence. *People v Lauzon,* 84 Mich App 201, 208; 269 NW2d 524 (1978).

After reviewing the record we are not persuaded that the prosecution's evidence was insufficient. There was evidence from which the jury could infer that defendant was alone with the child when the fatal injury, a head injury causing brain damage and respiratory arrest, occurred. There was ample testimony which cast doubt on defendant's explanation of the morning's events. There was evidence of the child's prior condition and medical evidence as to the cause of death. From evidence presented by the prosecution the jury could properly have inferred that defendant was responsible for the child's fatal injury and that he had had the requisite state of mind to justify conviction of second-degree murder. We will not disturb that jury determination.

Affirmed.