# CURT BLUDSWORTH, JUDI BLUDSWORTH, Appellants, v. THE STATE OF NEVADA, Respondent.

## No. 13100

June 18, 1982                                           646 P.2d 558

*J. Gregory Damm,* State Public Defender, *Robert Bork,* Deputy Public Defender, Carson City, for Appellant Judi Bludsworth.

*Daniel U. Smith, Belli & Choulos,* San Francisco, *Gary Logan,* Las Vegas, for Appellant Curt Bludsworth.

*Richard H. Bryan,* Attorney General, *William A. Maddox,* District Attorney, Carson City, for Respondent.

# OPINION

By the Court, SPRINGER, J.:

This is a case of child abuse which tragically ended in the death of two-year old Eric Johnson, the son of appellant Judi Bludsworth and stepson of appellant Curt Bludsworth. Eric died after sustaining severe head injuries. Following Eric's death, the state instituted criminal proceedings against the appellants. Curt was convicted by a jury of child abuse and second-degree murder. Judi was convicted by the same jury of child abuse.

Appellants assert that numerous errors were committed in the trial below. Curt's principal argument is that the state failed to prove beyond a reasonable doubt that Eric died as a result of his criminal act. At trial, the defense had claimed that Curt accidentally injured Eric by dropping him as Eric and he climbed the stairs in the family home. Appellants argue that all evidence presented at trial was consistent with the theory that Eric's injury was accidental. We disagree.

There was ample evidence to support the criminal convictions. A number of expert witnesses testified that Eric was a victim of the battered child syndrome, an accepted diagnosis signifying serious and persistent physical abuse. The expert opinion that the victim was a battered child, coupled with some additional proof, has been held sufficient to permit a jury to conclude that the child's injury occurred "at the culpable hands of its parents." People v. Henson, 349 N.Y.S.2d 657, 665-66 (N.Y. 1973); *accord* People v. Barnard, 286 N.W.2d 870 (Mich.App. 1979).

Curt was alone with Eric at the time of the fatal injury, and

he admitted involvement in the purported accident. In addition to the overwhelming evidence that Eric was a battered child, there was other important evidence to refute Curt's explanation of the event. Expert medical testimony, including evidence of the unusual placement and severity of bruises on the top of Eric's head contradicted the accident theory. The combined evidence was sufficient to establish the corpus delicti for each criminal conviction.

During the trial, considerable evidence was presented that Eric had sustained numerous bruises, including a bite mark on his scrotum, prior to the day of his fatal injury.

Appellants claim prejudicial error from the admission of this evidence. Appellants first assert that expert medical testimony concerning the bite mark was incompetent because it was based upon inadequate and inconclusive evidence.

The trial court properly admitted expert opinion testimony that the bruise on Eric's scrotum resulted from a human bite. Prior to the presentation of the evidence to the jury, the court held an *in camera* hearing to determine the competence of the evidence. The court found the expert, a forensic odontologist, to be properly qualified. The expert witness acknowledged the inherent limitations in his investigation. Because the bite mark was located on pliable tissue, the expert testified that it was impossible to make an ideal comparison between the bite mark and a dental impression of either appellant; however, the expert was able to testify, based on a reasonable dental certainty, that the bruises on Eric's scrotum were caused by human teeth. The trial court properly concluded that any dispute over the evidence went to its weight and not its admissibility.

Appellants also erroneously argue that the bite mark evidence and evidence of other bruises were incompetent because there was no prior establishment, by clear and convincing evidence, that either Curt or Judi was responsible for each of the prior injuries.[1] Admissibility of the bite mark and other bruise evidence does not depend on connecting either defendant to the infliction of the injury. It is independent, relevant circumstantial evidence tending to show that the child was intentionally, rather than accidentally, injured on the day in question.

---

[1] With respect to the bite mark, the forensic odontologist testified that although the scrotal tissue was too pliable to permit a perfect comparison, he was able to determine that the bite mark was not made by Judi; and while he could not be certain that Curt Bludsworth was responsible for the injury, the expert concluded that Curt's dentition was consistent with the mark.

Proof that a child has experienced injuries in many purported accidents is evidence that the most recent injury may not have resulted from yet another accident. *See Barnard, supra.*

Appellants also claim that the trial court committed prejudicial error in refusing to sever the trials on the murder and child abuse charges.[2] Both appellants base their arguments on the assumption that certain evidence which was admissible on one count was inadmissible on the other count. Curt argues that the evidence of prior injuries, if admissible at all, was admissible only on the child abuse count and was therefore prejudicial on the murder count. Judi argues the opposite.

We cannot agree with either appellant. The child abuse and murder counts were properly joined since they arose out of the same series of acts. NRS 173.115 permits joinder in such instances.[3] The information clearly limited the charge of child abuse to the events occurring on September 3, 1979, the date of the fatal injury. The trial court repeatedly advised the jury that the evidence was not admissible to prove separate prior acts of child abuse; it was admissible only as circumstantial evidence to prove culpability for the events of September 3. The evidence was clearly relevant to both the murder and child abuse charges. Since both charges related to the same transaction and since the allegedly prejudicial information was admissible on both counts, the trial court did not err in refusing to sever the counts.

Appellants next claim that the Nevada child abuse statute is unconstitutionally vague. Both appellants were convicted under NRS 200.508, which authorizes criminal penalties for any adult "who willfully causes or permits a child . . . to suffer unjustifiable physical pain or mental suffering as a result of abuse or neglect. . . ." Appellants charge that the phrase "unjustifiable physical pain or mental suffering" is unconstitutionally vague.

---

[2]NRS 174.165 provides that trials on separate counts may be severed if either party would be prejudiced by joinder.

[3]NRS 173.115 provides as follows:

NRS 173.115 Joinder of offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are:

1. Based on the same act or transaction; or
2. Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Our statute, as applied to these appellants, is clearly constitutional. A criminal statute is unconstitutionally vague only if one cannot reasonably understand that contemplated conduct is proscribed. United States v. National Dairy Corp., 372 U.S. 29, 32-33 (1963). The state alleged and proved that appellants either struck Eric on the head or permitted him to be struck. In light of the evidence concerning the violence or force used against Eric and the severity of his injuries, it is untenable for appellants to claim that they could not have reasonably known their conduct was criminal.

We have considered the other assignments of error presented by appellants and find them to be without merit.[4] The convictions of both appellants are affirmed.

GUNDERSON, C. J., and MANOUKIAN, MOWBRAY, and STEFFEN, JJ., concur.

---

[4]Appellant Curt Bludsworth has also questioned whether child abuse might be a lesser included offense of murder. To determine whether punishment on two charges would constititute double jeopardy, the applicable test is "whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299 (1932). *See also* Litteral v. State, 97 Nev. 503, 634 P.2d 1226 (1981). There is at least one element in each offense which is not present in the other. Conviction for murder requires, of course, that the victim die. Conviction for child abuse requires, among other things, that the victim be under the age eighteen. Child abuse thus is not a lesser included offense of murder.