## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

## v.

## PEDRO AYALA, Defendant

Crim. No. 93-0114

District Court of the Virgin Islands

Div. of St. Croix

December 6, 1993

HUGH P. MABE, III, ALPHONSO G. ANDREWS, J.R., (Office of the United States Attorney), Christiansted, St. Croix, V.I., *for the Government*

MAURICE M. CUSICK, ESQ., Christiansted, St. Croix, V.I., *for Defendant*

BROTMAN, *District Court Judge*[1]

## OPINION

Presently before the court is the motion of defendant Pedro Ayala ("Ayala") to dismiss Count II of the information charging child abuse as void for vagueness. For the reasons set forth below, the court is granting defendant's motion.

### I. Background

Ayala, a 21-year old male, allegedly engaged in sexual intercourse with a 12-year old female. The government has charged

---

[1] Senior Judge of the United States District Court for the District of New Jersey, Sitting by Designation.

Ayala with three counts. Count I charges him with aggravated rape, under Title 14, Virgin Islands Code, Section 1700(a)(1).[2] Count II charges him with child abuse under Title 14, Virgin Islands Code, Section 505. Count III charges him with unlawful sexual contact under Title 14, Virgin Islands Code, Section 1699(c) and 1708(2).[3]

Count II, the focus of defendant's challenge, charges that:

> On or about June 3, 1993, at St. Croix in the District of the Virgin Islands, PEDRO AYALA did knowingly and recklessly cause a 12-year old female to be placed in a situation where it was reasonably foreseeable that she might suffer mental and emotional injury, by engaging in sexual intercourse with the minor female, in violation of Title 14, Virgin Islands Code, Section 505.

Information at 2.

## II. Discussion

### A. *Void for Vagueness Doctrine*

Defendant argues that "requiring a defendant to be placed in the position of having to determine if it is 'reasonably foreseeable that [the alleged victim] might suffer mental and emotional injury'" violates his due process rights under the void-for-vagueness doctrine. Def. Br. at 1.

A statute is void for vagueness when it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. General Constr. Co., 269 U.S. 385, 391 (1926). Under the void for vagueness doctrine, "a penal statute [must] define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in

---

[2] Aggravated rape under Virgin Islands law is a form of statutory rape, i.e., a strict liability offense.

[3] On October 12, 1993, the court issued two rulings from the bench. In addition to finding portions of Section 505 unconstitutional, the court denied defendant's motion to assert a mistake of age defense to the aggravated rape charge. After the ruling, the government filed a superseding information charging Ayala with three counts of unlawful sexual contact, to which Ayala pled guilty. The court is issuing this post hoc written opinion to explain the bases for finding Section 505 unconstitutional, and to guide the legislature in framing an effective, yet constitutionally viable, statutory alternative.

a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983).

Although the void for vagueness doctrine incorporates two distinct elements, actual notice to citizens and arbitrary enforcement, the two are not accorded equal weight. The arbitrary enforcement element is viewed as the more essential in light of the inherent harms posed by "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." Id. at 358. "A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." Grayned v. Rockford, 408 U.S. 104, 108–09 (1972).

B. *Analysis*

Section 505, the statute under which Ayala is charged, provides in pertinent part that:

> Any person . . . who knowingly or recklessly causes a child to be placed in a situation where it is reasonably foreseeable that a child may suffer . . . mental or emotional injury . . . shall be punished by a fine of not less than $500, or by imprisonment of not more than 20 years or both.

V.I. Code Ann. tit. 14, § 505 (Supp. 1993).[4] "Mental or emotional injury" is defined as "psychological injury or harm which impairs the mental or emotional health or functioning of a child." V.I. Code Ann. tit. 14, § 503(d) (Supp. 1993).

Section 505 is unconstitutionally vague in that it fails to delineate the degree of risk, and of injury, sufficient to trigger the imposition of criminal penalties. *Compare, e.g.*, Ark. Code Ann. § 5-27-204 (Michie 1987) (Person who "knowingly engages in conduct creating a *substantial* risk of *serious* harm to physical or mental welfare of one known by the actor to be a minor" violates child abuse statute) (emphasis added). By encompassing any degree of risk, and of in-

---

[4] In its entirety, Section 505 reads as follows:

> Any person who abuses a child, or who knowingly or recklessly causes a child to suffer physical, mental or emotional injury, or who knowingly or recklessly causes a child to be placed in a situation where it is reasonably foreseeable that a child may suffer physical, mental or emotional injury or be deprived of any of the basic necessities of life, shall be punished by a fine of not less than $500, or by imprisonment of not more than 20 years, or both.

jury, no matter how de minimis, the statute vests an unacceptable level of discretion in law enforcement. See *Connecticut v. Shriver*, 542 A.2d 686, 689 (Conn. 1988) (finding phrase "likely to impair" to be vague in permitting law enforcement "to determine culpability subjectively, on an ad hoc basis"); *People v. Hoel*, 568 P.2d 484 (Colo. 1977) (finding word "may," if construed as meaning to "be in some degree likely," to be unconstitutionally vague); cf. *Alsager v. District Court of Polk County, Iowa*, 406 F. Supp. 10, 18 (S.D. Iowa 1975) (finding phrase "conduct . . . detrimental to the physical health or morals of the child" unconstitutionally allows officials to "subjectively determine . . . what parental conduct is detrimental").

Furthermore, the circular definition of "mental or emotional injury"[5] compounds rather than minimizes the vagueness of the statute.[6] "Impair or harm" is synonymic for "injury." See, e.g.,

---

[5] In sharp contrast, the statute defines "physical injury" as

> the impairment of physical condition and includes, but is not limited to, any skin bruising, bleeding, failure to thrive, malnutrition, burn, bone fracture, soft tissue swelling, subdural hematoma, injury to any internal organ, or any physical condition that threatens a child's health or welfare.

V.I. Code Ann. tit. 14, § 503(f) (Supp. 1993).

> Moreover, the statute implicitly narrows and further defines the term "physical injury" in Section 507, by providing that:

> Nothing in this Chapter shall be interpreted to prevent a parent, guardian, or person acting at the direction of a child's parent or guardian, from using reasonable and moderate *physical* discipline to correct, restrain or discipline a child. The following actions are examples of unreasonable conduct when used by any person to correct, restrain or discipline a child:

> (1) throwing, kicking, burning, or cutting a child;
> (2) striking a child with a closed fist;
> (3) willful and violent shaking of a child in such a way as to cause physical injury to the child;
> (4) interfering with a child's breathing;
> (5) threatening a child with a deadly weapon; or
> (6) doing any other act that is likely to cause and that does cause bodily harm greater than transient pain or minor temporary remarks.

V.I. Code Ann. tit. 14, § 507 (Supp. 1993) (emphasis added).

[6] In evaluating the vagueness of a statute, courts consider the "common usage of the statutory language, judicial explanations, and previous applications of the statute to the same or similar conduct." *Becker v. Lockhart*, 971 F.2d 172 (8th Cir. 1992), cert. denied, 114 S.Ct. 98 (1993). Courts must also look beyond the language of the statute to the intent of the legislature. *Shereli v. Duckworth*, 675 F. Supp. 1144 (N.D. Ind. 1987), aff'd, 866 F.2d 432 (7th Cir. 1988). Courts in the Virgin Islands have yet to consider the parameters and application of Sec-

Webster's Third New International Dictionary 1034, 1131 (1981) (defining "harm" as "physical or mental damage;" defining "impair" as to "do harm to"); Black's Law Dictionary 718, 752 (6th ed. 1990) (defining "harm" as "the existence of loss or detriment in fact of any kind to a person resulting from any cause"; defining "impair" as "to weaken, to make worse, to lessen in power, diminish, or relax, or otherwise affect in an injurious manner"). Thus, the statute again fails to specify the level of risk and injury needed to distinguish criminal from non-criminal conduct. See Smith v. Goguen, 415 U.S. 566, 578 (1974) (The "absence of any ascertainable standard for inclusion and exclusion is precisely what offends the Due Process Clause.")

In Hoehl, the court was faced with a child abuse statute containing wording similar to Section 505. People v. Hoehl, 568 P.2d 484 (Colo. 1977). The statute provided that "a person commits child abuse if he knowingly, intentionally, or negligently, and without justifiable excuse, causes or permits a child to be placed in a situation that may endanger the child's life or health." Id. at 485. The court indicated that if the word "may" in the clause "may endanger the child's life or health" were strictly construed according to the dictionary definition as meaning "be in some degree likely," the statute would be unconstitutional on its face, because "virtually any conduct directed toward a child has the possibility, however slim, of endangering a child's health." Id.

Section 505 is a statute which encompasses "virtually any conduct directed toward a child." Almost any act "may" injure a child emotionally or mentally. A parent's divorce, certain religious beliefs and practices, even a harsh word, may "impair" a child's mental or emotional health to some degree. Such a broad sweep, while effective from a law enforcement standpoint, is anathema from a constitutional one.

The Hoehl court, in order to preserve the constitutionality of the statute, rejected the dictionary definition of "may" and fashioned its own definition as meaning a "reasonable probability." Id.

tion 505. Furthermore, the legislative history provides little relevant guidance. See The Nineteenth Legislature of the Virgin Islands, Regular Legislative Session (Oct. 1, 1992); Comm. on Youth & Human Services, The Nineteenth Legislature of the Virgin Islands (Aug. 6, 1992). Thus, only the statutory language is available to guide the court's inquiry.

Such an interpretational escape is unavailable in this case.[7] The terms "mental or emotional injury," in contrast to the term "physical injury," are inherently abstract and fraught with ambiguity. This is especially true where, like here, a statute does not require that actual mental or emotional injury be shown. In defining the reach of such terms, legislators must elicit public comment and input from experts, and carefully weigh the societal values and concerns involved. Courts, law enforcement, and juries are simply ill-equipped to exercise such quintessential legislative prerogatives. Cf. Shriver, 542 A.2d at 692. Doing so would force those institutions to resolve "basic policy issues on an ad hoc and subjective basis."[8] See Grayned v. City of Rockford, 408 U.S. at 108–09.

Against this backdrop lurks the specter of arbitrary enforcement. Section 505, as written, grants law enforcement an unrestricted license to intervene in the family sphere. The danger of arbitrary enforcement "is especially grave in the highly subjective context of determining an approved mode of child rearing." See Alsager, 406 F. Supp. at 19. Without a definite criminal standard, Section 505 invites arbitrary enforcement.[9]

"Due process does not require 'impossible standards' of exactness and clarity." Kolender, 461 U.S. at 361. However, "this is not a case where further precision in the statutory language is either impossible or impractical." Id. Accordingly, this court declares that the portion of Section 505 providing that

---

[7] Even if the court were to follow the Hoehl court and read into the word "may" a threshold level of risk, the question of type and degree of injury sufficient to trigger a criminal penalty would remain. As discussed below, resolving such a question falls outside the ken of the court.

[8] In contrast, preserving the constitutionality of the statute in Hoehl only required "flexibly" interpreting one word "may."

[9] The risk of arbitrary enforcement created by Section 505 is reflected in the government's charge against Ayala. Section 505 provides in part that "any person who abuses a child" is guilty of child abuse. "Abuse" is defined in Section 503(a) as "sexual conduct with a child."

Rather than charging Ayala under the portion of Section 505 which expressly and clearly forbids sexual conduct with a child, the government inexplicably charged him under the portion which implicitly and vaguely forbids such conduct. Such arbitrary charging demonstrates the need for more definite standards.

> Any person . . . who knowingly or recklessly causes a child to be placed in a situation where it is reasonably foreseeable that a child may suffer . . . mental or emotional injury

is unconstitutionally vague.[10]

## ORDER

This matter having come before the Court on the motion of defendant Pedro Ayala to dismiss Count II of the Information for vagueness; and

Having considered the submissions of the parties;

For the reasons set forth in the Court's opinion of this date;

IT IS on this 6th day of December, 1993 hereby ORDERED that the motion to dismiss Count II is granted.

---

[10] The court expresses no opinion as to the constitutionality of the remaining portions of Section 505, or other sections of the Child Protection Act of 1992, Title 14, § 501, et seq.