## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff
## v.
## ALBERT JOHN, Defendant

Criminal No. F322/1994

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 27,1995

Douglas Dick, Esq., Assistant Attorney General, St. Thomas, U.S.V.I., *for plaintiff*

Brenda Scales, Esq., Territorial Public Defender, St. Thomas, U.S.V.I., *for defendant*

HODGE, *Presiding Judge*

108

## MEMORANDUM OPINION I

The question presented by Defendant's Motion to Dismiss Count I is whether the first charging phrase of Section 505 of the Virgin Islands Child Protection Act of 1992, 14 V.I.C. § 501 et seq. is unconstitutionally void for vagueness. For the following reasons, this court holds that the provision is unconstitutional and will therefore grant Defendant's Motion to Dismiss Count I.

## I

Defendant was arrested on October 17, 1994 and charged with Child Abuse in violation of 14 V.I.C. § 505 [Count I]; Assault in the Third Degree in violation of 14 V.I.C. § 297(2) [Count II]; and Aggravated Assault and Battery in violation of 14 V.I.C. § 298(5) [Count III]. Specifically, Count I charges Defendant with violation of the following provision of 14 V.I.C. § 505: "Any person who abuses a child ... shall be punished by a fine of not less than $500 or by imprisonment of not more than 20 years."

In support of his motion to dismiss Count I, Defendant argues that the provision under which he is charged is void for vagueness and overbroad. He contends that although the Child Protection Act prohibits the infliction of physical injury, it also permits physical discipline of children, making it difficult for ordinary people like him to understand when permitted physical discipline becomes prohibited physical injury.[1] He contends that the statute does not adequately describe the degree of physical force that is impermissible. He also argues that the manner in which the statute is written renders child abuse a strict liability offense without any proof of scienter or mens rea. This, he argues is particularly critical because of the severity of the penalty for child abuse. If convicted, Defendant faces up to twenty years in jail and a fine of not less than $500. 14 V.I.C. § 505.

In opposition to Defendant's motion, the Government denies that the statute is unconstitutional. It argues that although section 507 of the Child Protection Act permits physical discipline of

---

[1]Section 507 provides in relevant part: "Nothing in this Chapter shall be interpreted to prevent a parent . . . from using reasonable and moderate physical discipline to correct, restrain or discipline a child." 14 V.I.C. § 507.

children, it only permits reasonable and moderate physical discipline, and it expressly prohibits unreasonable acts. The Government argues that Defendant, who is charged with striking his child in the head and on the arm with a chair, must have known that it was impermissible to discipline his daughter with a chair. The Government also argues that even if the statute does not expressly require fault, it also does not make defendant liable without regard to fault. It argues that the Government must prove that Defendant inflicted physical injury on his child, and that an inherent requirement of fault is contained in the phrase "inflicted physical injury".

## II

■ ■ The void for vagueness doctrine provides that a penal statute is void for vagueness when it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926). In other words, the statute must sufficiently define the criminal offense so that ordinary people can understand what conduct is permissible and what is prohibited. However, notice to citizens is only one element of the void for vagueness doctrine. The other is arbitrary enforcement. In *Government v. Ayala*, 29 V.I. 123, 853 F. Supp. 160 (D.V.I. 1993), the court explained that the arbitrary enforcement element is "more essential in light of the inherent harms posed by a 'standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.'" *Ayala*, 29 V.I. at 125. Indeed, a vague law permits law enforcement officials to apply it in an arbitrary and discriminatory manner.

In *Ayala*, the defendant was charged with violation of the third charging phrase of Section 505 of the V.I. Child Protection Act by "knowingly and recklessly causing a 12-year old female to be placed in a situation where it was reasonably foreseeable that she might suffer mental and emotional injury." *Ayala*, 29 V.I. at 124. "Emotional injury" or "mental injury" is defined as "psychological injury or harm which impairs the mental or emotional health or functioning of a child." 14 V.I.C. § 503(d). The court held that the provision of Section 505 under which Ayala was charged was unconstitutionally vague because it failed to "delineate the degree

of risk, and of injury sufficient to trigger the imposition of criminal penalties."[2] *Id.* at 125. In reaching its decision, the court cited the Arkansas child abuse statute as an example of one statute that attempts to delineate the level of injury that amounts to prohibited conduct. The Arkansas statute uses the following language: "Person who knowingly engages in conduct creating a substantial risk of serious harm to physical or mental welfare." *Ayala*, 29 V.I. at 125. The court emphasized "substantial" and "serious" to show that not just any physical or mental harm would pass constitutional muster. The degree or level of harm must be defined.

■ In the instant case, Defendant is charged with abusing his minor child by striking her with a chair. He is charged under a different provision of Section 505 than Ayala, but one that is much more vague and overbroad.[3] A person may be charged under either of the following three provisions in section 505: (1) abusing a child, or (2) knowingly or recklessly causing a child to suffer physical, mental or emotional injury, or (3) knowingly or recklessly causing a child to be placed in a situation where it is reasonably foreseeable that a child may suffer physical, mental or emotional injury or be deprived of any of the basic necessities of life. In Ayala, the defendant was charged under the third provision, unlike Defendant in this case, who is charged under the first provision.

Specifically, Count I charges Defendant as follows:

> On or about October 15, 1994, in St. Thomas, United States, Virgin Islands, ALBERT JOHN, did abuse a child, to wit; S.J., by striking said child in the head and arm with a chair, in violation of 14 V.I.C. § 505.

---

[2] Ayala was charged under the following provision: "Any person . . . who knowingly or recklessly causes a child to be placed in a situation where it is reasonably foreseeable that a child may suffer . . . mental or emotional injury . . . shall be punished by a fine of not less than $500, or by imprisonment of not more than 20 years or both."

[3] Section 505 provides:

> Any person who abuses a child, or who knowingly or recklessly causes a child to suffer physical, mental or emotional injury, or who knowingly or recklessly causes a child to be placed in a situation where it is reasonably foreseeable that a child may suffer physical, mental or emotional injury or be deprived of any of the basic necessities of life, shall be punished by a fine of not less than $500, or by imprisonment of not more than 20 years, or both.

111

"Abuse" is defined as "the infliction of physical, mental or emotional injury upon a child, or maltreatment, sexual conduct with a child, or exploitation of a child by any person." 14 V.I.C. § 503(a). Like the definition of "emotional injury" or"mental injury" cited in *Ayala*, the definition of "abuse" merely refers to the infliction of any physical, mental or emotional injury upon a child, without encompassing the degree of injury or any other reasonable standard. Indeed, although "physical injury" is further defined, that definition also fails to encompass the degree of injury that would trigger the imposition of criminal penalties. "Physical injury" is defined as follows:

> "Physical injury" means the impairment of physical condition and includes, but is not limited to, *any* skin bruising, bleeding, failure to thrive, malnutrition, burn, bone fracture, soft tissue swelling, subdural hematoma, injury to any internal organ, or any physical condition that threatens a child's health or welfare.

14 V.I.C. Section 503(f). Thus, not only are fractures and lacerations included in this definition, but also minor bruises and scratches.

As the court stated in *Ayala*: "By encompassing any degree of risk, and of injury, no matter how de minimis, the statute vests an unacceptable level of discretion in law enforcement" *Ayala*, 29 V.I. at 125-26. When law enforcement officials have such power, it unconstitutionally permits them to subjectively determine what conduct to proscribe and what to endorse. As written, the first charging phrase of Section 505 does not establish standards that distinguish lawful from unlawful conduct. Thus, the inherent danger posed by selective enforcement by policemen and prosecutors based on their personal prejudices renders it unconstitutionally vague.

■ The provision under which Defendant is charged also is unconstitutional for lack of scienter and mens rea. *In Government v. LeBron*, Criminal No. 1993/22, (D.V.I., July 12, 1993), the District Court in St. Croix refused to dismiss Counts I and V of the Information for lack of scienter and mens rea in the statutory language, holding that use of the qualifying words "knowingly" and "recklessly" to describe the defendant's state of mind or mens

rea met constitutional muster. However, the provision under which Defendant in this case is charged does not include "knowingly or recklessly." Indeed, there is no language in the provision under which Defendant is charged requiring any showing of fault.

The Government argues, however, that the V.I. statute was borrowed from several state statutes, and that these statutes have been found to be constitutional.[4] The Government cites *Bludsworth v. State*, 98 Nev. 289, 646 P.2d 558 (1982), in which the court held that the Nevada child abuse statute was not unconstitutional in light of the evidence pointing to the severity of the child's injuries. A review of the Nevada statute, however, reveals that it is different from the V.I. statute.

The defendants in *Bludsworth* were charged with causing a child to suffer "unjustifiable physical pain or mental suffering as a result of abuse or neglect." The Nevada statute defines "abuse or neglect" as: "physical or mental injury of a nonaccidental nature, sexual abuse, sexual exploitation, negligent treatment or maltreatment of a child under the age of 18 years." NRS 200.508(3)(a). This definition is different from that in the V.I. statute, 14 V.I.C. § 503(a), quoted above. As demonstrated, whereas "unjustifiable" suffering or "injury of a nonaccidental nature," is required under the Nevada statute, under the V.I. statute any kind of suffering or injury, however minor, is sufficient to convict a person of child abuse. Moreover, a review of the child abuse statutes of all the states cited by the Government reveals that each one contains a qualifying phrase such as "nonaccidental" or "unjustifiable." Thus, without such appropriate qualifying standards to establish scienter or mens rea, the first charging phrase of Section 505 is void for vagueness.

### III.

■ Based on the foregoing, the court concludes that the first charging phrase of 14 V.I.C. § 505 does not sufficiently define what disciplinary conduct is permissible and what is prohibited. It is therefore violative of the due process requirements of the U.S.

---

[4]The states include Arizona, Colorado, Idaho, Illinois, Mississippi, Nevada, Ohio and Washington. *LeBron* at page 2, footnote 3.

Constitution and Section 3 of the Revised Organic Act of 1954, as amended, and is unconstitutionally void for vagueness.

## ORDER

This matter having come before the Court on Defendant's Motion to Dismiss Count I of the Information; and

Having considered the submissions of the parties; and

For the reasons set forth in the Court's Memorandum Opinion I of this date;

It is hereby,

ORDERED, that Defendant's Motion to Dismiss Count I of the Information is GRANTED.