### GOVERNMENT OF THE VIRGIN ISLANDS, Appellant,

v.

### Albert JOHN, Appellee.

### No. CRIM.APP.1995–161.

District Court, Virgin Islands, Appellate Division, D. St. Thomas.

Oct. 13, 1999.

Maureen Phelan Cormier, Assistant Attorney General, V.I. Department of Justice, St. Thomas, VI, for Appellant.

Brenda C. Scales, Assistant Territorial Public Defender, Office of the Territorial Public Defender, St. Thomas, VI, for Appellee.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands;[1] THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and MARIA M. CABRET, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

## I. INTRODUCTION

The Government of the Virgin Islands ["government" or "appellant"] appeals the order of the Territorial Court dismissing the first of three counts [2] of an information filed against Albert John ["John" or "ap-

---

1. The Honorable Raymond L. Finch became Chief Judge of the District Court of the Virgin Islands on August 15, 1999.

2. Appellee was charged in the Territorial Court with child abuse, in violation of V.I. CODE ANN. tit. 14, § 505 (count I); third degree assault, in violation of 14 V.I.C.

pellee"]. For the reasons set forth below, the Court will vacate the order of the Territorial Court.

## II. FACTUAL AND PROCEDURAL HISTORY

In count I of the amended information against John, the government charged John with child abuse under the first charging phrase of section 505 of title 14 of the Virgin Islands Code, which provides in pertinent part that "[a]ny person who *abuses* a child ... shall be punished by a fine of not less than $500, or by imprisonment of not more than 20 years, or both." V.I. CODE ANN. tit. 14, § 505 (emphasis added) ["first charging phrase" or "abuse charging phrase"].[3] Specifically, the government charged that John violated 14 V.I.C. § 505 by "striking [his sixteen year-old daughter] in the head and arm with a chair." (Appendix ["App."] at 13 (amended information).)

■ John moved to dismiss count I, contending that the charge of abusing a child is overbroad[4] and unconstitutionally void for vagueness because it fails adequately to set standards for determining the degree of injury necessary before

criminal liability would attach, and that it lacks the required elements of *mens rea* and *scienter.* The government argued in opposition that the Child Protection Act adequately put appellee, as well as any other reasonable person, on notice that the conduct alleged in count I was prohibited. Based on the use of the words "abuses a child," including the definition of "abuse" in section 503, and the parties' moving papers, the Territorial Court dismissed count I, holding that:

As written, [the charge of abusing a child in] the first charging phrase of Section 505 does not establish standards that distinguish lawful from unlawful conduct. Thus, the inherent danger posed by selective enforcement by policemen and prosecutors based on their personal prejudices renders it unconstitutionally vague.

The provision under which Defendant is charged also is unconstitutional for lack of scienter and mens rea.

. . . . .

Thus, without such appropriate qualifying standards to establish scienter or mens rea, the first charging phrase of Section 505 is void for vagueness.

§ 297(2) (count II); and aggravated assault and battery, in violation of 14 V.I.C. § 298(5) (count III). Only count I is at issue in this appeal.

3. 14 V.I.C. § 505 contains three "charging phrases":
**First phrase:** "Any person who abuses a child, or"
**Second phrase:** "who knowingly or recklessly causes a child to suffer physical, mental or emotional injury, or"
**Third phrase:** "who knowingly or recklessly causes a child to be placed in a situation where it is reasonably foreseeable that a child may suffer physical, mental or emotional injury or be deprived of any of the basic necessities of life ...."

4. In his brief, the appellee reiterates his argument that the statute is overbroad. Appellee's reliance on this argument is in error. The

overbreadth doctrine is not recognized outside the context of the First Amendment. *See United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) ("[W]e have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment."); *see also Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 494, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) ("If [the enactment] does not [reach a substantial amount of constitutionally protected conduct], then the overbreadth challenge must fail."). This reasoning also would apply to the trial court's reference to the challenged phrase of section 505 as overbroad. (*See* Memorandum Opinion, Terr. Ct.Crim. No. F322/1994, at 5 (June 27, 1995) (emphasis added).)

*John,* 32 V.I. at 112–13. The court based its holding on "the due process requirements of the United States Constitution and Section 3 of the Revised Organic Act of 1954, as amended." *Id.* at 113–14. The government filed this timely appeal.

## II. ISSUE PRESENTED

■ The issue before the Court is whether the Territorial Court erred in holding that the first phrase of section 505 charging abuse under the Child Protection Act violates due process because it is unconstitutionally vague. Because the appellee lacked standing to challenge the information charging him with the first phrase of section 505 as void for vagueness, we will vacate the Territorial Court's decision and remand this matter for further proceedings consistent with this opinion.[5]

## III. DISCUSSION

### A. Jurisdiction and Standard of Review

■ The Court has jurisdiction over this appeal by the government pursuant to 4

V.I.C. § 39(c): "The ... Government of the Virgin Islands may appeal an order dismissing an information or otherwise terminating a prosecution in favor of a defendant or defendants as to one or more counts thereof, except where there is an acquittal on the merits." Our review of the trial court's application of legal precepts and statutory construction is plenary. *See Government of the Virgin Islands v. Steven,* 36 V.I. 176, 178, 962 F.Supp. 682, 683 (D.V.I.A1997); *Nibbs v. Roberts,* 31 V.I. 196, 204, 1995 WL 78295 (D.V.I. 1995).

### B. Standing

■ To pass muster under the vagueness doctrine,[6] a statute must provide both adequate notice and guidelines for enforcement. Before a defendant may mount a vagueness challenge to a statute which does not involve the First Amendment, she must first establish her standing to do so, namely, demonstrate that the statute is

---

5. We agree with John that the government improperly included certain facts on appeal which were not before the trial court and which are improperly before this Court, namely, the statement from the alleged victim and an emergency room report. Since the documents in question were not admitted in evidence, the government's submission was improper and shall be stricken from the record. (*See* Appendix ["App."] at 4–12.) Since the other documents John challenges are merely photocopies of the Child Protection Act, they have not been stricken. (*See id.* at 33–36.)

6. The void for vagueness doctrine requires examination of two elements: whether the statute gives actual notice of its meaning and whether it provides sufficiently definite guidelines to prevent arbitrary enforcement. *See Steven,* 36 V.I. at 178, 962 F.Supp. at 684 (quoting *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926)) (A statute is void if persons "of common intelligence must necessarily guess at its

meaning and differ as to its application."); *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) ("[A] penal statute [must] define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."). "[T]he vagueness doctrine is based on the due process clauses of the Fifth and Fourteenth Amendments and is applicable solely to legislation which is lacking in clarity and precision." 16A AM. JUR. 2D *Constitutional Law* § 412 (1998). Both Clauses have been made applicable to the Virgin Islands pursuant to the Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, as amended by Pub.L. No. 90–496, § 11, 82 Stat. 841 (Aug. 23, 1968). The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1994), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73–177 (1995 & Supp.1997) (preceding V.I. CODE ANN. tit. 1).

vague as applied to the facts of the particular charge against her. *See United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975) ("It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand."). Accordingly, the Territorial Court was required to analyze the particular facts of the case against John and satisfy itself that he had standing to challenge the statute before it could address the question of the law's alleged vagueness in general. If John's conduct fell within the bounds of what was clearly proscribed by the statute, the appellee did not have standing to challenge the vagueness of the statute, whether or not it may turn out to be vague as applied in other situations. *See Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."); *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974) (same); *Steven,* 36 V.I. at 180, 962 F.Supp. at 684 (same).

■■ In sum, since the first phrase of section 505 charging abuse under the Child Protection Act does not involve the First Amendment, John's threshold task was to establish his standing to bring this challenge by first showing that the statute was vague as applied to the facts alleged against him. Only then could the trial court have considered whether the first phrase of section 505 is unconstitutionally void for vagueness.[7]

John argued that the statute is vague because it did not put him on notice of what behavior constituted abuse and what was acceptable discipline by a parent. Phrase one of section 505 cannot be viewed in a vacuum, however. Rather it must be read in concert with the other provisions of the Child Protection Act. *See Steven,* 36 V.I. at 179, 962 F.Supp. at 685 ("Where the general class of offenses can be made constitutionally definite by reasonable construction of the statute, the reviewing court has a duty to give the statute that construction.") Section 507 of Title 14, entitled "Reasonable and moderate physical discipline excepted; unreasonable acts," allows parents to discipline their children using "reasonable and moderate physical discipline." Section 507 further delineates examples of what is unreasonable conduct when used by any person to discipline a child and which would subject that person to criminal liability under the provisions of the Child Protection Act. The examples listed include "striking a child with a closed fist" and "doing any other act that is likely to cause and that does cause bodily harm greater than transient pain or minor temporary marks." 14 V.I.C. § 507(2) & (6).

When John challenged the statute's constitutionality, the trial court had before it only count I of the amended information, which described the crime John allegedly committed, and the sections of the Virgin Islands Code comprising the Child Protection Act. Count I of the amended information charged John as follows:

> On or about October 15, 1994, in St. Thomas, United States Virgin Islands, **ALBERT JOHN,** of 53–18 Frydenhoj, St. Thomas, Virgin Islands, did abuse a

7. John properly challenged the statute before going to trial, as he was not required to subject himself to criminal liability before challenging the statute's constitutionality. *See, e.g., Government v. Ayala,* 29 V.I. 123,

853 F.Supp. 160 (D.Vi.1993) (addressing defendant's motion to dismiss the count of information charging child abuse before proceeding to trial); *Delaware v. Sailer,* 684 A.2d 1247 (Del.Super.Ct.1995) (same).

child, to wit; S.J., by striking said child in the head and arm with a chair, in violation of 14 V.I.C. Section 505.

(App. at 13.) John's alleged act of striking his minor child in the head and arm with a dining room chair, on the face of the information, clearly constituted conduct prohibited as unreasonable by section 507. The likelihood of this act causing "bodily harm greater than transient pain or minor temporary marks" was far greater than the statutory example of unreasonable discipline by striking a child with a closed fist. Taking the allegations of count I at face value, the only reasonable inference which can be drawn is that John knowingly intended to cause a degree of bodily harm greater than transient pain by striking his child in the head with a dining room chair. *See, e.g., Bludsworth v. Nevada,* 98 Nev. 289, 646 P.2d 558, 560 (1982) ("In light of the evidence concerning the violence or force used against [the minor child] and the severity of his injuries, it is untenable for appellants to claim that they could not have reasonably known their conduct was criminal.")

John, through section 507, was given adequate notice that such behavior would subject him to criminal liability under the Child Protection Act. Accordingly, John did not have standing to challenge the constitutionality of the statute for vagueness. As a result, the trial court was required to reject John's challenge to the statute as void for vagueness. We therefore will vacate the Territorial Court's order dismissing count I of the amended information.[8]

In rendering this decision, we are aware that it is inconsistent with a ruling of the Trial Division of this Court finding the third charging phrase of section 505 to be unconstitutionally vague on which the Territorial Court relied on heavily. *See Government v. Ayala,* 29 V.I. 123, 853 F.Supp. 160 (D.Vi.1993). The third charging phrase, which the court found to be unconstitutional, would impose criminal liability on one who "knowingly or recklessly causes a child to be placed in a situation where it is reasonably foreseeable that a child may suffer physical, mental or emotional injury or be deprived of any of the basic necessities of life . . . ." The district court held the phrase to be "unconstitutionally vague in that it fails to delineate the degree of risk, and of injury, sufficient to trigger the imposition of criminal penalties. By encompassing any degree of risk and injury, no matter how de minimis, the statute vests an unacceptable level of discretion in law enforcement." *Id.* at 125–26, 853 F.Supp. at 162.

The information before the district court alleged that Ayala, a twenty-one year-old male had sexual intercourse with a twelve year-old female. *See id.* at 123–24, 853 F.Supp. at 160. By definition, Ayala's alleged conduct constituted what is commonly known as "statutory rape"[9] and was clearly encompassed by the language of the third charging phrase of section 505 which imposes criminal liability anyone who "knowingly or recklessly causes a child to be placed in a situation where it is reasonably foreseeable that a child may suffer physical, mental or emotional injury." Ayala, accordingly, had no standing to challenge this third charging phrase as

---

8. Although we do not decide whether the first charging phrase lacks a scienter or mens rea requirement, we do urge the Department of Justice to submit legislation to clarify that it requires a knowing and intentional act.

9. *See* 14 V.I.C. § 1700(a)(1) ("Whoever perpetrates an act of sexual intercourse ... with a person not the perpetrator's spouse: (1) who is under thirteen years of age ... is guilty of aggravated rape ....").

being unconstitutionally vague. We therefore respectfully have declined to follow the Trial Division's analysis in *Ayala*.[10]

## IV. CONCLUSION

Albert John lacked standing to challenge the constitutionality of 14 V.I.C. § 505 as being void for vagueness because his alleged behavior is clearly proscribed by the Child Protection Act. Accordingly, the trial court could not properly reach the question of the statute's constitutionality or rule that the first charging phrase of section 505 is void for vagueness. We therefore will vacate the trial court's ruling and remand the matter to the Territorial Court for further proceedings consistent with this opinion. An appropriate order is attached.

**10.** We do agree, however, with the district judge's observation in *Ayala* questioning why the government "inexplicably charged" Ayala under the third charging phrase rather than the first charging phrases. *Id.* at 128 n. 9, 853 F.Supp. 164 n. 9 ("Rather than charging Ayala under the portion of Section 505 which expressly and clearly forbids sexual conduct with a child [the first charging phrase], the government inexplicably charged him under the portion which implicitly and vaguely forbids such conduct [the third charging phrase]."). The first charging phrase provides that "any person who abuses a child" is guilty of child abuse. Included within the definition of "Abuse" in section 503(a) is "sexual conduct with a child."

Similarly, this Court questions why the government failed to include both the first and second charging phrases of section 505 in its information against John, as the second charging phrase imposes criminal liability on any person "who knowingly or recklessly causes a child to suffer physical, mental or emotional injury."