**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff/Appellee**

**v.**

**EDWARD STEVEN, Defendant/Appellant**

D.C. Crim. App. No. 1996/0043A

T.C. Crim. No. 784/1995

District Court of the Virgin Islands

Div. of St. Croix

April 23, 1997

HAROLD W.L. WILLOCKS, ESQ., (Chief Territorial Public Defender), St. Croix U.S.V.I., *for Appellant*

IRMA INDUSTRIOUS, ESQ., (Assistant Attorney General), St. Thomas U.S.V.I., *for Appellee*

MOORE, *Chief Judge,* FINCH and DIASE, *Judges*

### OPINION OF THE COURT

PER CURIAM

The appellant, Edward Steven, appeals a judgment of the Territorial Court finding him, inter alia, guilty of the charges of driving under the influence, in violation of 20 V.I.C. § 493(a)(1). He

176

asks this Court to find that the statute is unconstitutional in that it is void for vagueness; it violates the Due Process Clause of the U.S. Constitution and Revised Organic Act; and it permits subjective pretextual interpretation by police officers. For the reasons which follow, this Court affirms the judgment of the Territorial Court and holds that the statute is constitutional.

## I. Factual and Procedural History

On October 19, 1995, two police officers observed a motor vehicle without tail lights or a license plate being driven by the appellant Edward Steven ["Steven"] on the Queen Mary Highway on St. Croix. The officers performed a routine traffic stop and asked Steven to produce his driver's license and car registration. While speaking to Steven, the arresting officer detected the smell of alcohol on Steven's breath and noted that his eyes were glassy and speech slurred. Upon Mirandizing Steven, the officer asked him if he had consumed any alcoholic beverages. Steven admitted he had drunk a beer and two or three drinks mixed with gin. The officer then advised Steven that he wanted him to perform three field sobriety tests, which consisted of the walk-and-turn test, the one-leg stand test, and the horizontal gaze nystagmus test. The officer queried Steven as to whether he had any trouble with his eyes or legs. Steven responded in the negative. The officer, who had been trained in administering these tests, further demonstrated them for Steven. Steven failed each test. At that point, the officer arrested and charged Steven, *inter alia*, for driving under the influence.

Count I of the Complaint alleged as follows: "Edward Steven, did operate a motor vehicle upon a public highway in the territory of the Virgin Islands while under the influence of an intoxicating liquor, in violation of Title 20 V.I.C. Section 493(A) (1) [sic], (DRIVING UNDER THE INFLUENCE OF AN INTOXICATING LIQUOR)." Steven filed a Motion to Dismiss Count I on November 30, 1995, contending that the driving under the influence statute is unconstitutionally void for vagueness. The trial court denied the motion by Order on April 17, 1996.

On May 16, 1996, a bench trial was held. After the conclusion of the Government's case, Steven renewed his Motion to Dismiss. The

trial court again denied the Motion and found Steven guilty of all charges, including driving under the influence.

Steven filed a Notice of Appeal on May 20, 1996. The trial court entered a written judgment on May 22, 1996.[1] On appeal, Steven contends that the driving under the influence statute is unconstitutionally void for vagueness. Steven specifically argues that the statute is unconstitutionally vague as the Legislature of the Virgin Islands provided no definition of the term "under the influence". He further contends that the statute is unconstitutional as it permits subjective, pretextual interpretation by police officers.

## II. Jurisdiction and Standard of Review

This Court has appellate jurisdiction pursuant to Virgin Islands CODE ANN. tit. 4, § 33 (Supp. 1996). Questions of law are subject to plenary review. *In re Barrett*, V.I. BBS 91CI159A.DX2 (D.V.I. APP. Jan. 31, 1995).

## III. Discussion

*A.*

In pertinent part, the Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV, § 1. Through Section 3 of the Revised Organic Act of 1954, the Due Process Clause of the Fourteenth Amendment is applicable to the Virgin Islands. The Revised Organic Act is found at 48 U.S.C. §§ 1541-1645 (1995), reprinted in V.I. Code Ann., Historical Documents, 73-177 (codified as amended) (1995).

In its review of legislative enactments, the U.S. Supreme Court has long held that a criminal statute "which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Const. Co.*, 269 U.S. 385, 391, 70 L. Ed. 322, 46 S.

---

[1] Pursuant to FED. R. APP. P. 4(b), a notice of appeal filed after the announcement of a decision, sentence, or order in a criminal case but before entry of the judgment or order is treated as filed on the date of and after the entry.

Ct. 126 (1926) (citations omitted). "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids." *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 83 L. Ed. 888, 59 S. Ct. 618 (1939). Thus, it is constitutionally required that laws give ordinary people fair warning of the prohibited conduct and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983); *Grayned v. City of Rockford*, 408 U.S. 104, 108, 33 L. Ed. 2d 222, 92 S. Ct. 2294 (1972).

However, the U.S. Supreme Court has also recognized that statutes will have some inherent vagueness as words do not have mathematical precision. *Rose v. Locke*, 423 U.S. 48, 50, 46 L. Ed. 2d 185, 96 S. Ct. 243 (1975); *Grayned*, 408 U.S. at 110. The Court has emphasized that "all the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." *Rose*, 423 U.S. at 50. The vagueness doctrine is rooted in a rough idea of fairness. *Colten v. Kentucky*, 407 U.S. 104, 110, 32 L. Ed. 2d 584, 92 S. Ct. 1953 (1972). "It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." *Id.* Where the general class of offenses can be made constitutionally definite by reasonable construction of the statute, the reviewing court has a duty to give the statute that construction. *United States v. Harriss*, 347 U.S. 612, 618, 98 L. Ed. 989, 74 S. Ct. 808 (1954). "A statute meets the standard of certainty required by the Constitution if its language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *United States v. Wise*, 550 F.2d 1180, 1186 (9th Cir. 1977)(quoting *Turf Center, Inc. v. United States*, 325 F.2d 793, 795 (9th Cir. 1963)), *cert. denied*, 434 U.S. 929 (1977).

Furthermore, and importantly, in asserting a claim of unconstitutional vagueness, a party is required to demonstrate vagueness as to his conduct:

179

> [T]he litigant must demonstrate that the statute under attack is vague as applied to his own conduct, regardless of its potentially vague application to others. Thus, when a litigant's conduct clearly falls within the permissible purview of a statute, such an individual lacks standing to challenge the statute for vagueness, even though the statute may well be vague as applied to others.

*Aiello v. City of Wilmington*, 623 F.2d 845, 850 (3d Cir. 1980). Indeed in *Broadrick v. Oklahoma*, 413 U.S. 601, 608, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973), the U.S. Supreme Court held that "even if the outermost boundaries of [the statute] may be imprecise, any such uncertainty has little relevance . . . where appellant's conduct falls squarely within the "hard core' of the statute's proscriptions . . . ."

B.

V.I. Code Ann. tit. 20, § 493(a)(1) (1995) provides, in pertinent part, that "it is unlawful for any person who is under the influence of an intoxicating liquor . . . to drive, operate, or be in actual physical control of, any motor vehicle within the Territory." Steven argues that, as the statute provides no definition of "under the influence", it fails to specify what is the proscribed behavior. Steven further argues that, as "driving under the influence" is not defined by the Legislature of the Virgin Islands, it allows for subjective enforcement by the police, judges and juries. He supports his assertion by pointing to the holding of *Government of the Virgin Islands v. Zachry*, 24 V.I. 244 (Terr. Ct. 1989). The Zachry court held that "absent an explicit legislative showing, driving under the influence must be construed under a bare minimum analysis; any consumption, however minute, of alcohol violates [the statute]." *Id.* at 247. Following this holding, Steven submits, would "proscribe a person's participation in the Eucharist" (at church) and label that person as driving under the influence.[2] He concludes that the statute creates a net large enough to catch all persons by giving law enforcement wide latitude in interpreting the statutory language in each particular case.

---

[2] Appellant's Br. at 8.

180

It has been generally recognized that the term "driving under the influence" has a common and well-understood meaning and challenges for vagueness have been consistently rejected.[3] *See People v. Seefeldt,* 445 N.E.2d 427, 429, (Ill. App. Ct. 1983) ("under the influence of intoxicating liquor is in common everyday use of the people"); *State v. Campbell,* 681 P.2d 679, 681 (Kan. Ct. App. 1984) (under the influence of alcohol "is commonly understood"). In *Government of the Virgin Islands v. Tonge,* Crim. No. 756/1995, slip op. at 3 (Terr. Ct. April 17, 1996), the court wrote that "the meaning of the term is older than the enactment by the Virgin Islands Legislature." The *Tonge* court found 20 V.I.C. § 493(a)(1) to be constitutionally sound. The *Zachry* court also upheld the constitutionality of 20 V.I.C. § 493(a)(1) against a vagueness challenge.

■ It is generally accepted and understood that, when used in reference to a driver of a vehicle on a public highway, "driving under the influence" means "[a] person is so affected by intoxicating liquor as not to possess that clearness of intellect and control of himself that he otherwise would have . . . ." *Weston v. State,* 65 P.2d 652, 654 (Ariz. 1937) (quoting *State v. Graham,* 222 N.W. 909, 911 (Minn. 1929); *see also State v. Johnson,* 199 A.2d 809 (N.J. 1964). In defining the term, the Weston court noted as follows:

> Whether one was under the influence of intoxicating liquor within the meaning of this statute depends not upon the number of drinks he has taken but on whether those he did take affected him sufficiently to bring him within its purview. One drink might have this effect, depending on the person, while more than one drink in the case of another would not, for intoxicating liquor does not affect all people alike.

---

[3] In his brief, Steven incorrectly asserts that the only statutes which have been upheld as constitutional contain "modifiers" which specifically define the term "influence". Appellant's Br. at 9. He cites as authority *Pennsylvania v. Muniz,* 496 U.S. 582, 110 L. Ed. 2d 528, 110 S. Ct. 2638 (1990), which he claims supports his position as the U.S. Supreme Court upheld Pennsylvania's driving under the influence statute because it provided definitional language to the term. However, that case was limited to the issue of whether the privilege against self-incrimination warranted the suppression of audio and video tapes made without a Miranda warning following an arrest for driving under the influence.

65 P.2d at 655. The clear legislative intent of driving under the influence statutes is to prevent driving by those with a diminished ability to do so safely due to alcohol consumption. "The dangers of such conduct are well known to the public . . . ." *Seefeldt*, 445 N.E.2d at 429.

While Steven maintains that 20 V.I.C. § 493(a)(1) has potentially vague application to others, he has not demonstrated that, as applied to his conduct, the statute is vague. The police officer testified that he smelled alcohol on Steven's breath and noted that his eyes were glassy and speech slurred. He further testified that Steven admitted that he ingested alcoholic beverages before drinking. Finally, and most importantly, the officer testified that Steven failed each of the three sobriety field tests. Based on his observations and training and Steven's performance on the sobriety tests, the officer reasonably concluded that Steven's driving ability was impaired by his drinking. The police officer had sufficient information to charge Steven with driving under the influence.

Under 20 V.I.C. § 493(a)(1), the Legislature of the Virgin Islands has articulated a policy to reduce the menace of drunk driving on the public highways in the Virgin Islands. The term "driving under the influence" has a common meaning, which has consistently been construed by the courts. It refers to the impairment of one's ability to drive due to the drinking of alcohol. Thus, Steven had fair warning of the proscribed act and his conduct undeniably fell within the permissible purview of the statute. He cannot now be heard to complain that the statute is unconstitutionally vague. Title 20 V.I.C. § 493(a)(1) is constitutionally sound. And, to the extent that Zachry conflicts with this opinion, it is expressly overruled.

C.

Steven finally argues that 20 V.I.C. § 493(a)(1) allows for subjective, pretextual interpretation by police officers. Specifically, he contends that the police officer relied on a subjective analysis of what he believed he smelled, heard and saw to affect the arrest for driving under the influence. Steven also contends that the police officer's use of the field sobriety tests is subjectively based as the police officer makes the sole determination of whether he failed the tests. The Government does not address this issue in its brief.

V.I. CODE ANN. tit. 20, § 493(b) (1995) allows for the introduction of any competent evidence bearing upon the question of whether the person was under the influence of an intoxicating liquor. In it Johnson, 199 A.2d at 820, the Supreme Court of New Jersey noted that "the criterion of operating "under the influence of intoxicating liquor" always presented practical enforcement difficulties, both from the standpoint of the public interest intended to be protected and the accused defendant." However, it affirmed the conviction as justified on the proofs. These included the observations and opinion of experienced police officers, "having no reason to be biased against the defendant." *Id.; see also State v. Morris*, 621 A.2d 74, 79 (N.J. Super. Ct. App. Div. 1993) (holding that the officer's observations, experience derived from being on the force for twenty-four years, and training were sufficient to sustain a conviction of driving under the influence and were not "isolated conclusion[s]"). Furthermore, the courts have generally admitted into evidence field sobriety test results in driving under the influence cases. *See Rawl v. State*, 383 S.E.2d 903 (Ga. Ct. App. 1989) (holding that the absence of a statutory scheme covering field sobriety tests and other initial screening tests do not prevent their admissibility into evidence at trial); *State v. Gilbert*, 751 S.W.2d 454 (Tenn. Ct. App. 1988).

At the trial, the arresting officer testified that he had served with the Virgin Island Police Department for fifteen years and had received training in observing and detecting drunk driving. He explained his training in the administration of the field sobriety tests, which are used nationwide. He also testified to his first-hand observations of Steven. And, he related Steven's admissions of having consumed alcoholic beverages. No challenge was raised as to the officer's competency as a witness. Nor did Steven present any evidence to refute the officer's testimony.

In the context of drunk driving, as in many other areas, the trier of fact must rely on the observations and interpretations of the witnesses before it. However, and most importantly, it is the province of the trier of fact to ascertain the credibility of these witnesses. It is also for the trier of fact to determine whether or not the evidence presented by these witnesses establishes guilt beyond a reasonable doubt. This Court finds that the trial court had sufficient evidence before it to find Steven guilty as charged.

## IV. Conclusion

For the foregoing reasons, the Territorial Court's judgment finding Steven guilty, inter alia, of driving under the influence, in violation of 20 V.I.C. §/1 n 493(a)(1) shall be and is AFFIRMED.

### ORDER OF THE COURT

PER CURIAM

AND NOW, this 23rd day of April, 1997, after careful review of the record and having considered the submissions and arguments of the parties; and the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that the Territorial Court's Judgment dated May 22, 1996, is AFFIRMED.