**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**LEO JACKSON, Defendant**

Crim. No. 158/1998

Territorial Court Of The Virgin Islands

Division of St. Croix

March 7, 2000

JOSEPH PONTEEN, ESQ., *Assistant Attorney General, Department of Justice,* St. Croix, U.S.V.I., *for the Government*

HAROLD W.L. WILLOCKS, ESQ., *Office of the Territorial Public Defender,* St. Croix, U.S.V.I., *Attorney for Defendant*

CABRET, *Judge*

## MEMORANDUM OPINION

The Government of the Virgin Islands charged Leo Jackson with disobeying a domestic violence restraining order, which constitutes a crime under V.I. Code Ann. tit. 14, § 582a (1998). Jackson moved to dismiss the government's criminal complaint on the grounds that he was denied several constitutional rights. That motion is pending before the Court, and for reasons which follow, it is denied.

## I. THE FACTS

The relevant facts are undisputed. Jackson's estranged girlfriend, Etta Todman, filed a complaint with the Family Division of the Territorial Court for an order prohibiting Jackson from contacting her. On December 3, 1996, the Family Division held an evidentiary hearing on Todman's complaint. Jackson appeared at the hearing pro se and testified. After the hearing, the Family Division issued a permanent restraining order prohibiting Jackson from having any contact with Todman.

On March 31, 1998 and April 6, 1998, Todman contacted the police and complained that Jackson was harassing her. Based on these complaints, the police arrested Jackson on April 6, 1998. Jackson spent that night in jail and the next morning appeared before a Territorial Court judge. The judge advised Jackson of his rights, including his right to counsel, and after finding probable cause for the charge that Jackson violated the restraining order, released him on bail. On April 27, 1998, the government filed the instant criminal complaint against Jackson alleging that on March 31, 1998 he willfully disobeyed the restraining order by contacting Todman "by telephone and by pounding on a door and windows at her residence, an act of Domestic Violence, in violation of 14 V.I.C. § 582a (1) and 16 V.I.C. § 97 (c)[.]"[1]

## II. DISCUSSION

Jackson asserts that the complaint should be dismissed because (1) title 14, section 582a of the Virgin Islands Code is unconstitu-

---

[1] Compl., Crim. No. 158/98 at 1.

tionally vague, (2) section 582a violates his equal protection rights, (3) the government's prosecution violated the constitutional prohibition against *ex post facto* laws and (4) he was denied counsel during the Family Division's December 3, 1996 evidentiary hearing.

### 1. Void for Vagueness

Jackson asserts that title 14, section 582a of the Virgin Islands Code, defining the crime with which he is charged, is void because it is unconstitutionally vague. This section, which was approved by the Governor on March 24, 1998, provides as follows:

### Section 582a. Contempt constituting the crime of domestic violence

(1) Whoever willfully disobeys any lawful order issued pursuant to Section 97(b)(2) or Section 98 of Title 16 is guilty of a crime.

(2) A person charged with an offense under *Subsection (a)* of this Section shall be detained and retained in custody until such time as the person appears before a judicial officer, or a judicial officer orders otherwise; provided that the person charged shall appear before a judicial officer within 48 hours from the time of arrest.

V.I. Code Ann. tit. 14, § 582a (1998) (emphasis added). According to Jackson, the statute is unconstitutionally vague because the emphasized text in subsection (2) refers to a "Subsection (a)" that does not exist. The Court disagrees.

■ A criminal statute is unconstitutionally vague when it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. Gen. Const. Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 127 70 L. Ed. 322 (1926). "Where the general class of offenses can be made constitutionally definite by reasonable construction of the statute, the reviewing court has a duty to give the statute that construction. *United States v. Harriss*, 347 U.S. 612, 618, 98 L. Ed. 989, 74 S. Ct. 808 (1954)." *Government of the Virgin*

*Islands v. Steven*, 36 V.I. 176, 179, 962 F. Supp. 682 (D.V.I. 1997); *aff'd*, 39 V.I. 466, 134 F.3d 526 (1998). As a general rule,

> where, as here, the Legislature has made a mistake in a reference in a statute to another statute and the real intent of the Legislature is manifest and would be defeated by adherence to the terms of the mistaken reference, a court may disregard the mistaken reference or read it as corrected, in order to give effect to the intent of the Legislature. *See generally Tatlow v. Bacon*, 101 Kan. 26, 165 P. 835 (1917); *Worthington v. District Court*, 37 Nev. 212, 142 P. 230 (1914); and *State v. Parmenter*, 50 Wash. 164, 96 P. 1047 (Wash. 1908).

*Curry v. Dept. of Corrections*, 423 So. 2d 584, 585 (Fla. Dist. Ct. App. 1982). *See also Brim v. Rice*, 20 Ohio App. 2d 293, 253 N.E.2d 820 (Ohio Ct. App. 1969); *Kenyon v. Kan. Power & Light Co.*, 254 Kan. 287, 864 P.2d 1161 (Kan. 1993).

In this case, the Legislature's reference to "Subsection (a)" is clearly a mistake. Code section 582a contains only two subsections, enumerated as "(1)" and "(2)." V.I. Code Ann. tit. 14, § 582a (1998). Subsection (2), where the mistake occurs, refers to "Subsection (a) of *this Section*." *Id.* (Emphasis added). The cite to "this Section" is unquestionably a reference to code section 582a. *Id.* Because subsection (1) is the *only* other subsection in section 582a, it is manifest that the mistaken reference to "Subsection (a)" is actually a reference to subsection (1). This is the only reasonable construction of section 582a (2), and it is a construction which is constitutionally definite. *See Steven*, 36 V.I. at 179; *Curry*, 423 So. 2d at 585. Furthermore, as pointed by the Government, subsection (2) merely describes the detention requirements for a person charged with the offense. *See* title 14, § 582a (2). The charging language of section 582a is contained in subsection (1), and Jackson does not claim that subsection (1) forbids "the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally*, 269 U.S. at 391, 46 S. Ct. 127. Accordingly, the Court concludes that Jackson's void for vagueness challenge is without merit.

## 2. Equal Protection

Jackson asserts that section 582a (2) violates his constitutional right to equal protection because it required his detention overnight until he appeared before a judicial officer, while individuals arrested for other, equally serious crimes can be immediately released on bail without having to appear before a judicial officer. The Court disagrees.

In reviewing Jackson's equal protection challenge, the Court is guided by the Third Circuit's decision in *United States v. Perry*, 788 F.2d 100 (3rd Cir. 1986). In that case, the defendant, Perry, was charged with conspiring to possess heroin with the intent to distribute. The government moved the court to detain Perry prior to trial on the ground that he was a danger to the community. The magistrate granted the motion upon finding that under the circumstances of the case Perry fell within the provisions of the Federal Bail Reform Act of 1984[2] (the "Act") which creates "'a rebuttable presumption . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community. . . .' 18 U.S.C.A. §§ 3142(e), 3142(f)(1)(C) (West 1985)." *Id.* at 103. Under 18 U.S.C. § 3142(e), the presumption applies where a "judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed" under various controlled substances acts. 18 U.S.C. § 3142 (e) (Supp. 1998).

On appeal, Perry asserted, *inter alia*, that this preventive detention provision violated his Fifth Amendment right to equal protection because it did not apply to other, similarly dangerous crimes. In rejecting Perry's contention, the Third Circuit found:

> The statutory classification is facially neutral not only with respect to race, but also with respect to national origin, gender, or alienage. The classification complained of, preventive detention aimed at protecting the public from certain serious drug and gun offenses, is facially underinclusive in that it does not reach criminal enter-

---

[2]Codified at 18 U.S.C. §§ 3141-3150 (1985 and Supp. 1998).

prises as risky to the public as espionage and bribery. Clearly, however, such an underinclusiveness classification is not suspect, and should thus be judged only for its rationality. It was undoubtedly rational for Congress to select for special concern some but not all of the antisocial activities it could prohibit, and single those out for the preventive detention safeguard.

*Perry*, 788 F.2d at 116 (citation omitted).

In this case, Jackson's equal protection challenge is subject to the same scrutiny. Like Perry, Jackson claims that a pretrial detention statute is underinclusive because it applies only to certain crimes and not to other equally serious offenses. *See id* at 116. Specifically, Jackson complains that section 582a (2) is underinclusive because it applies only to individuals charged with willfully disobeying domestic violence restraining orders issued pursuant to title 16, sections 97(b)(2) and 98. *See* V.I. Code Ann. tit. 14, § 582a (1998). As in *Perry*, this classification is facially neutral with respect to race, national origin, gender and alienage and is thus judged only for its rationality. *See Perry*, 788 F.2d at 116.

Under the rational relationship test, challenged legislation will be upheld unless [the challenging party] can demonstrate that the classification at issue does not bear a rational relationship to a legitimate state interest. . . .

. . . .

It is important to bear in mind that the rational relationship test is highly deferential. "A classification does not offend against [the equal protection] clause merely because it is not made with mathematical nicety or because in practice it results in some inequality."

. . . .

The rational relationship test has two parts. First, we must determine whether the goal which the Territory attempts to advance concerns legitimate state interests. Second, we must determine whether the [legislation] is "rationally related" to this goal.

*Virgin Islands Bar Ass'n. v. Government of the Virgin Islands*, 648 F. Supp. 170, 185 (D.V.I. 1986) (citations omitted); *modified on other grounds*, 857 F.2d 163 (3rd Cir. 1998).

■ The classification complained of passes this test. The Legislature has declared that one of its goals in enacting domestic violence laws is to "assure victims of domestic violence the maximum protection from abuse that the law can provide[.]" V.I. Code Ann. tit. 16, § 90 (a) (1) (1996). This is unquestionably a legitimate state interest. It is likewise undoubtedly rational for the Legislature to require that, before a person arrested for domestic violence under section 582a may be released into the community, a judicial officer must consider the circumstances prompting the charge. *See* V.I. Code Ann. tit. 14, § 582a (2) (1998). After all, those charged with the offense have (1) previously been found to have committed an act of domestic violence against a victim or victims, (2) previously been ordered by a judicial officer to cease such abusive conduct, and (3) been arrested for allegedly committing an act against the same victim or victims in violation of the judicial officer's order. Under these circumstances, and mindful of the fact that the detention at issue is limited to 48 hours, *see id.*, it is reasonable to require that a judicial officer evaluate the circumstances of the alleged offense prior to determining the conditions of release. Accordingly, the Court concludes that the detention provision contained in section 582a (2) is rationally related to a legitimate government interest and therefore does not violate Jackson's right to equal protection. *See Perry*, 788 F.2d at 116; *Virgin Islands Bar Ass'n*, 648 F. Supp. at 185.

### 3. Prohibition against Ex Post Facto Laws

Jackson next contends that the government's application of section 582a in this case violates the constitutional prohibition against *ex post facto* laws. Specifically, Jackson asserts that "the premise of the crime is the December 3, 1996 Order which was in existence prior to the enactment of section 582a."[3] Thus, he argues,

---

[3] Defendant.'s Brf. at 21.

"[t]he Legislature has tied the new crime to an act that was in existence fifteen (15) months prior to the life of the statute."[4]

Although Jackson is correct that the *ex post facto* clause of the United States Constitution prohibits retroactive application of penal legislation, *see* U.S. Const. art. I, § 10, cl. I, the government's prosecution and the legislation at issue do not violate this prohibition. The proscription against retroactive application of criminal laws is rooted in considerations of fairness dictating "that individuals should have an opportunity to know what the law is and to conform their conduct accordingly. Settled expectations should not be lightly disrupted. For that reason, the principle 'that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.'" *V.I. Maritime Senv.v. P. R. Maritime Shipping Auth.*, 37 V.I. 193, 978 F. Supp. 637, 643 (1997) (citation and footnote omitted).

In this case, the government is charging Jackson with an offense for conduct that allegedly occurred after the enactment of the relevant law. As stated above, code section 582a (1), which defines contempt as the crime of domestic violence, was approved by the Governor and became effective on March 24, 1998. *See* V.I. Code Ann. tit. 1, § 52 (1995) (unless otherwise specified, effective date of bill is the date of approval by Governor). One week later, on March 31, 1998, Jackson allegedly violated the domestic violence statute by willfully disobeying a restraining order by contacting Todman "by telephone and by pounding on a door and windows at her residence[.]"[5] This alleged conduct is the sole basis for the government's complaint against Jackson. Inasmuch as the alleged conduct occurred after section 582a was enacted, Jackson had an "opportunity to know what the law is and to conform [his] conduct accordingly." *V.I. Maritime*, 978 F. Supp. at 643. Accordingly, the government's application of section 582a is not retroactive and therefore does not violate the prohibition against *ex post facto* laws.

---

[4] *Id.*

[5] Compl., Crim. No. 158/98 at 1.

## 4. Right to Counsel

Finally, Jackson, who is represented by appointed counsel in this case, argues that he had a constitutional right to be represented by counsel at the Family Division's December 3rd evidentiary hearing because the hearing was a "critical stage" in this prosecution. According to Jackson, the complaint should be dismissed because he was denied this asserted right to counsel. The Court disagrees.

Under the Sixth Amendment to the Federal Constitution, an accused in a criminal case has the right "to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to counsel applies to state criminal prosecutions by virtue of the Constitution's Fourteenth Amendment guarantee of due process. U.S. Const. amend. XIV; *Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir. 1983). The right to counsel, however, is not absolute, but "turns on whether deprivation of liberty may result from a proceeding." *Id.* Thus, whether the proceeding is characterized as criminal or civil, if no deprivation of liberty is imposed, a defendant has no constitutional right to counsel. *Id.; Nichols v. United States*, 511 U.S. 738, 743, 114 S. Ct. 1921, 1925, 128 L. Ed. 2d 745 (1994).

In this case, the Family Division's evidentiary hearing could not have resulted in a deprivation of liberty for Jackson. Jackson was not being tried for contempt or a crime involving domestic violence,[6] but was before the Family Division on a domestic violence complaint filed by Todman pursuant to title 16, section 96 of the Virgin Islands Code. The proceedings were governed by title 16, section 97, which enumerates the specific types of relief that the court was authorized to grant. None of the listed alternatives would have permitted the Family Division to incarcerate Jackson or any other defendant appearing at such a hearing. *Id.* Following the hearing, the Family Division issued an order prohibiting Jackson from subjecting Todman to domestic violence and having contact with her. *See* V.I. Code Ann. title 16, § 97 (b) (1), (2) (1996). It is thus clear that Jackson was not, and could not have been incarcerated as a result of the Family Division hearing.

---

[6] Criminal actions involving domestic violence are governed in part by title 16, section 99 of the Virgin Islands Code.

■ Rather, it is Jackson's alleged violation of the restraining order issued by the Family Division that is subjecting him to possible imprisonment here, and it is clear that he is now represented by counsel. *See Walker v. McLain*, 768 F.2d 1181(10th Cir. 1985) (indigent father who was imprisoned for contempt of child support order was entitled to counsel during the contempt proceedings); *see also Ridgway*, 720 F.2d at 1411-13 (indigent father who was imprisoned for contempt of child support order was entitled to counsel during the contempt proceedings). It does not matter that Jackson's potential punishment in this case is essentially enhanced because the Family Division found at the December 3rd hearing that he committed previous acts of domestic violence. Under analogous circumstances, the Supreme Court has held that "an uncounseled misdemeanor conviction, valid under [*Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979)] because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Nichols*, 511 U.S. at 749, 114 S. Ct. at 1928. Thus, Jackson was not entitled to counsel at the December 3rd hearing because no prison term was imposed, and the restraining order issued in that proceeding may serve as a predicate to his punishment, if any, here. *See id.*

### III. CONCLUSION

For the foregoing reasons the Court concludes that Jackson's constitutional rights have not been violated. The legislative intent of Code section 582a is manifest and the mistaken reference in the statute does not render it unconstitutionally vague. Furthermore, the pretrial detention provision in the statute, while underinclusive, is rationally related to a legitimate state interest and therefore does not violate Jackson's right to equal protection. And, inasmuch as Jackson is being charged solely for conduct he allegedly committed after section 582a was enacted, its application does not violate the constitutional prohibition against *ex post facto* laws. Finally, because Jackson was not incarcerated as a result of the Family Division's December 3, 1998 domestic violence proceedings, he was not entitled to counsel during those proceedings. Accordingly, Jackson's Motion to Dismiss the government's complaint on these grounds will be denied.