**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**NESTA JAMES, JUNNIE ETIENNE, DENALSON W. MERRIFIELD, Defendants**

Case Nos. ST-09-CR-622, ST-09-CR-624, ST-09-CR-625

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

August 26, 2010

45

RENÉE GUMBS CARTY, ESQ., Assistant Attorney General, Department of Justice, St. Thomas, USVI, *Attorney for Plaintiff.*

JOSEPH A. DIRUZZO, III, ESQ., Law Office of Marjorie Roberts, P.C., St. Thomas, USVI, *Attorney for Defendant Merrifield.*

DUNSTON, *Judge*

## MEMORANDUM OPINION

(August 26, 2010)

Defendant Denalson W. Merrifield ("Defendant") moves[1] to dismiss Counts 20, 22, 24, and 26 of the Information, asserting that 14 V.I.C.

---

[1] Defendant filed a Motion to Dismiss on June 7, 2010, and the People of the Virgin Islands filed an Opposition on August 13, 2010.

§ 2253(a)[2] is unconstitutional based on *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008). Defendant argues that the language in 14 V.I.C. § 2253(a) prohibiting the possession of a firearm "unless authorized by law" is a condition that violates the Second Amendment because 23 V.I.C. § 456, which defines the qualifications for acquiring a firearm license, is purportedly bereft of guidelines for the Commissioner of Public Safety to issue a license and allows arbitrary enforcement.

In *Heller*, the Supreme Court struck down a District of Columbia statute that banned the possession of a handgun in the home and that required any lawful firearm to be stored without ammunition. *Id.*, at 2821-2822. The Court found that "[a]ssuming that Heller is not disqualified from the exercise of Second Amendment rights, the District [of Columbia] must permit him to register his handgun and must issue him a license to carry it in the home." *Id.*, at 2822.

■ Similarly, in *McDonald v. City of Chicago*, ___ U.S. ___, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010), the Supreme Court struck down a Chicago, Illinois, ordinance that effectively prevented any private citizen of the city to possess a handgun based on a prohibition of most handguns, and struck down a similar Oak Park, Illinois, ordinance that made it "unlawful for any person to possess . . . any firearm," a term that included "pistols, revolvers, guns and small arms . . . commonly known as handguns." *Id.*, at 3025. The Court indicated that if a Bill of Rights provision protects a fundamental American right, the provision is applicable to both the federal government and the States, in which case "the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller.*" *Id.*, at 3050.

■ ■ Considering *Heller* and *McDonald*, the Court finds that the Fourteenth Amendment makes the Second Amendment applicable to laws formulated in the Virgin Islands. On the other hand, there is no similarity between 23 V.I.C. § 456 and the statutes that were struck down as unconstitutional in *Heller* and *McDonald*. In the Virgin Islands, 23 V.I.C.

---

[2] 14 V.I.C. § 2253(a) states: "whoever, unless authorized by law, has, possesses, bears, transports, or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm . . . may be arrested without warrant, and shall be sentenced to imprisonment of not less than six months nor more than three years."

47

§ 454[3] states how a private citizen may acquire a license to carry a firearm and 23 V.I.C. § 456[4] states the qualifications that an applicant must meet, which includes passing a background check. Neither of these provisions can be reasonably construed to constitute bans on the use of firearms that would be unconstitutional under *Heller* or *McDonald*.

■ Notwithstanding, Defendant argues that 23 V.I.C. § 456 is impermissibly vague. In order to survive a void for vagueness challenge, a statute "must provide both adequate notice and guidelines for enforcement." *Government of the Virgin Islands v. John*, 159 F. Supp. 2d 201, 204-205 (D.V.I. 1999). However, an individual must demonstrate that he or she has standing before challenging a statute on the ground of

---

[3] "A firearm may be lawfully had, possessed, borne, transported or carried in the Virgin Islands by the following persons, provided a license for such purpose has been issued by the Commissioner in accordance with the provisions of this chapter: (1) [a]n officer or employee of the Government of the Virgin Islands in cases where such license, in the judgment of the Commissioner, should be issued to such officer or employee by reason of the duties of his position; (2) [a]n agent, messenger or other employee of a common carrier, bank or business firm, whose duties require him to protect money, valuables or other property in the discharge of his duties; And provided, That [sic] the employer of such person shall have justified to the satisfaction of the Commissioner the need for the issuance of the license; (3) [a] person having a bona fide residence or place of business within the Virgin Islands, who established to the satisfaction of the Commissioner that he has good reason to fear death or great injury to his person or property, or who establishes any other proper reason for carrying a firearm, and the circumstances of the case, established by affidavit of the applicant and of at least two credible persons, demonstrate the need for such license; (4) [a] person licensed to and actively engaged in the business of manufacturing, repairing or dealing in firearms in the Virgin Islands, or the agents or representatives of any such person, having necessity to handle or use firearms in the usual or ordinary course of business; (5) [w]ith respect to a rifle or a shotgun a person possessing a valid and current Virgin Islands hunting license."

[4] "(a) The Commissioner shall not issue a license for firearms under section 454 of this chapter until all the circumstances and facts set forth in the application have been investigated, and the records of the Department and other available records have been examined, and unless such investigation establishes to the satisfaction of the Commission: (1) the truth of such circumstances and facts; (2) that the applicant is a resident of the Virgin Islands, including with respect to shotguns or rifles a minor not under 16 years of age, or a nonresident who holds a current and valid license to hunt in the Virgin Islands, or an alien bonded under applicable Federal and Virgin Islands statutes for employment with a person, firm, corporation or other business entity duly licensed in the Virgin Islands to carry on the business of providing security, guard, patrol and private detective services; Provided, however, That [sic] in the case of any such bonded alien the license shall be issued to the business entity by which he is employed; (3) that the applicant is a person of good moral character; (4) that the applicant's fingerprints have been duly taken and/or checked with the records of the Department or other appropriate sources; and (5) that no proper reason exists to deny such application."

vagueness in a situation that does not involve the First Amendment. *See United States v. Mazurie*, 419 U.S. 544, 550, 95 S. Ct. 710, 42 L. Ed. 2d 706 (1975) ("[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand"); *see also Government of Virgin Islands v. Steven*, 962 F. Supp. 682, 685, 36 V.I. 176 (D.V.I. 1997) (in order to properly assert a claim for unconstitutional vagueness, defendant must "demonstrate vagueness as to his conduct"); *Aiello v. City of Wilmington, Del.*, 623 F.2d 845, 850 (3d Cir. 1980) ("litigant must demonstrate that the statute under attack is vague as applied to his own conduct, regardless of its potentially vague application to others").

 This case does not involve the First Amendment, and Defendant has not submitted facts supported by affidavit that would indicate either 23 V.I.C. § 456 or 14 V.I.C. § 2253 is impermissibly vague as applied to him. As a result, Defendant's constitutional challenge fails.[5]

---

[5] Defendant's Second Amendment challenge also fails because he does not demonstrate that his possession of an AK-47 assault rifle reasonably relates to the preservation of a well regulated militia. An AK-47 is a "[s]oviet-designed 7.62 mm (.30 cal.) gas-operated magazine-fed rifle for automatic or semiautomatic fire." Merriam-Webster's Online Dictionary *available at* http://www.merriam-webster.com/dictionary/ak-47. The right to bear arms under the Second Amendment is limited by prohibitions on the "carrying of 'dangerous and unusual weapons' " such as "M-16 rifles and the like." *Heller, supra*, at 2817; *U.S. v. Marzzarella*, 614 F.3d 85, 90-91 (3d Cir. 2010) "Second Amendment affords no protection to 'weapons not typically possessed by law-abiding citizens for lawful purposes' " (quoting *Heller, supra*, at 2816); *U.S. v. Miller*, 307 U.S. 174, 178, 59 S. Ct. 816, 83 L. Ed. 1206 (1939) (Second Amendment does not protect the possession of a shot gun with a barrel less than eighteen inches in length "in the absence of any evidence tending to show that possession . . . has some reasonable relationship to the preservation or efficiency of a well regulated militia"); *United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008) ("[m]achine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use"), *cert. denied*, ___ U.S. ___, 129 S. Ct. 1369, 173 L. Ed. 2d 591 (2009).