**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**JODY A. PENN, Defendant**

Case No. ST-10-CR-179

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

July 14, 2010

MICHAEL MOTYLINSKI, ESQ., Assistant Attorneys General, Department of Justice, St. Thomas, USVI, *Attorney for Plaintiff.*

J. RUSSEL B. PATE, ESQ., The Pate Law Firm, St. Thomas, USVI, *Attorney for Defendant.*

DUNSTON, *Judge*

## MEMORANDUM OPINION

### (July 14, 2010)

Defendant moves[1] to dismiss Count Eight of the Information, asserting that 14 V.I.C. § 2253(b)[2] is unconstitutional based on *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008).[3] Defendant also asserts the statute violates "the Fourteenth Amendment, the equal protection clause, the due process clause, and the Revised Organic Act."

The People of the Virgin Islands oppose Defendant's motion based on *U.S. v. Lewis*, 50 V.I. 995, 1006 (D.V.I. 2008), in which a Second Amendment challenge to 14 V.I.C. § 2253(a) under *Heller* was foreclosed

---

[1] Defendant filed a Motion to Dismiss on May 31, 2010, and the People of the Virgin Islands filed an Opposition on June 4, 2010.

[2] 14 V.I.C. § 2253(b) states: "whoever, unless authorized by law, has, possesses, bears, transports, or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any machine gun or sawed-off shotgun . . . may be arrested without warrant, and shall be sentenced to imprisonment of not less than two years nor more than five years. . ."

[3] In *Heller*, the Supreme Court determined that a gun control statute in the District of Columbia violated the Second Amendment.

because the "Second Amendment of the Constitution does not constrain purely territorial action by the Virgin Islands authorities." The *Lewis* court reasoned that although the Revised Organic Act makes the Second Amendment applicable to the Virgin Islands,[4] the effect of the Second Amendment upon Virgin Islands law is "nil" because the Second Amendment has not been incorporated through the Fourteenth Amendment. *Id.*, at 1004.

■ In *McDonald v. City of Chicago*, ___ U.S. ___, 130 S. Ct. 3020, 3050, 177 L. Ed. 2d 894, 929 (2010), however, the Supreme Court indicated that if a Bill of Rights provision protects a fundamental American right, the provision is applicable to both the federal government and the States. Accordingly, the Supreme Court concluded that "the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*." *Id.* Notwithstanding, the Supreme Court emphasized that the right to bear arms under the Second Amendment is not "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *McDonald, supra*, at 3047 (quoting *Heller, supra*, at 2816). In addition, the Supreme Court indicated that its opinion did not cast into doubt longstanding "prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *McDonald, supra*, at 3047 (quoting *Heller, supra*, at 2816, 2817). The Second Amendment is also limited by prohibitions on the "carrying of 'dangerous and unusual weapons' " such as "M-16 rifles and the like." *Heller, supra*, at 2817.

■ Considering *Heller* and *McDonald*, the Court finds that the Fourteenth Amendment makes the Second Amendment applicable to laws formulated in the Virgin Islands. However, given that *McDonald*

---

[4] The Revised Organic Act provides that the first to ninth amendments of the U.S. Constitution, as well as section one of the Fourteenth Amendment, have the same force and effect in the Virgin Islands as in any state of the United States. 48 U.S.C. § 1561; *see also Lewis, supra*, at 1003 (citing *United States v. Hyde*, 29 V.I. 106, 111 (D.V.I. Oct. 21, 1993) rev'd on other grounds, 37 F.3d 116, 30 V.I. 475 (1994)). Section one of the Fourteenth Amendment provides, in pertinent part; "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

recognizes that the law may limit the possession of firearms, the language in 14 V.I.C. § 2253(b) prohibiting the possession of a machine gun or sawed-off shotgun "unless authorized by law" is not a condition that violates the Second Amendment Similarly, the statute's limitation on the Second Amendment right to bear arms is constitutional because a machine gun or sawed-off shotgun could be categorized as a "dangerous and unusual weapon." As a consequence, the statute does not violate Defendant's rights under the Second Amendment, the due process clause of the Fourteenth Amendment, nor the Revised Organic Act.

■ With respect to Defendant's claim that the statute violates his equal protection rights under the Fourteenth Amendment, Defendant has provided no argument or case law that would suggest there is no legitimate governmental interest to support the statute or that the statute purposefully discriminates against Defendant. *See Black v. Barnes*, 776 F. Supp. 1000, 1011 (M.D. Pa. 1991). As a result, Defendant's constitutional rights have not been violated, and his motion to dismiss will be denied.

An Order consistent with this Memorandum Opinion will follow.