# THOMAS WAYNE HIGHTREE, Appellant/Defendant
## v.
# PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff

S. Ct. Crim. No. 2010-0063

Supreme Court of the Virgin Islands

December 13, 2011

DEBRA S. WATLINGTON, ESQ., Chief Territorial Public Defender; KELE ONYEJEKWE, ESQ., Territorial Public Defender, St. Thomas, USVI, *Attorneys for Appellant.*

TERRYLN M. SMOCK, ESQ., Assistant Attorney General, V.I. Department of Justice, St. Thomas, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(December 13, 2011)

CABRET, J. Thomas Wayne Hightree appeals his convictions for unauthorized possession of two firearms, in violation of title 14, section 2253(a) of the Virgin Islands Code. *People v. Hightree*, No. ST-09-CR-0000590 (V.I. Super. Ct. July 30, 2010). Hightree argues that the unauthorized possession statute does not apply to him because he was once licensed to carry his firearms, and although he let the licenses expire, there was no statutory authority to charge him with unauthorized possession. Additionally, Hightree argues that because the firearms were found in the home, his convictions for unauthorized possession violate his Second Amendment right to bear arms. For the reasons that follow, we reject Hightree's arguments and affirm the Superior Court's July 30, 2010 Judgment.

## I. FACTS AND PROCEDURAL HISTORY

On November 24, 2009, the police arrived at Hightree's residence to execute a search warrant in an unrelated case. When they arrived on the premises, they asked Hightree whether he had any weapons in the home. Hightree answered that he had two firearms, and he indicated to the officers where the two firearms were kept. After the police determined that Hightree did not have valid licenses for the firearms, he was charged, by amended information, with two counts of unauthorized possession of a firearm in violation of V.I. CODE ANN. tit. 14 § 2253(a). At trial, the People presented testimony that the weapons were in Hightree's residence on November 24, 2009, and that he did not have a valid license for either weapon. Specifically, according to the supervisor of the Firearms Department of the Virgin Islands Police Department, both licenses expired in 2006 and were not renewed thereafter. Additionally, the People put a report into evidence that indicated both firearms were operable. Hightree testified in his own defense that both firearms were his and admitted that, although both weapons were initially licensed, he let his

licenses lapse and no longer had a valid license for either firearm. He rested his defense on a theory, abandoned here on appeal, of selective prosecution — he argued that the People had not previously used section 2253(a) to prosecute a failure to renew case and did so now only to prosecute him in particular. The jury convicted Hightree on both counts.

On July 30, 2010, the Superior Court sentenced Hightree concurrently to the minimum for each crime, one year in prison of which all but six days already served was suspended, and placed Hightree on probation. Likewise, the Superior Court imposed concurrent fines of $5,000 for both convictions with all but $500 suspended. On July 15, 2010, between the Superior Court's sentencing hearing and its written July 30, 2010 Judgment, Hightree filed a timely notice of appeal to this Court. *See* V.I.S.Ct.R. 5(b)(1) (treating notices of appeal filed between the sentencing hearing and the written judgment as timely).

On appeal, Hightree argues that (1) there is no statutory authority to charge an individual who has failed to renew his license with unauthorized possession under section 2253(a) and (2) that his convictions violate his Second Amendment right to bear arms because the weapons were in his home and used only for protection of his home in accordance with the rights recognized in *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008).

## II. JURISDICTION AND STANDARDS OF REVIEW

We have jurisdiction over this criminal appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law."

■ Hightree failed to raise either his statutory argument or his constitutional argument before the Superior Court. Therefore, we review his arguments for plain error. *See Nanton v. People*, 52 V.I. 466, 475 (V.I. 2009). To find a plain error, this Court must find (1) an error, (2) that is plain, and (3) that affected substantial rights. *Id.* If we determine the error meets those requirements, we may grant relief in our discretion if (4) we find the error seriously affects the " 'fairness, integrity, or public reputation of the judicial proceedings.' " *Id.* (quoting *United States v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005)).

950

## A. Section 2253(a) criminalizes the possession of a firearm by any person not licensed, or otherwise authorized, to possess a firearm, including those who were once licensed but permitted that license to lapse.

Hightree argues that the Superior Court erred by failing to dismiss the case because section 2253(a) of title 14 and section 455(e) of title 23 do not criminalize the possession of a firearm by a person who has failed to renew his license. The pertinent language of section 2253(a) is:

> Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either, actually or constructively, openly or concealed any firearm, as defined in Title 23, section 451(d) of this code, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than one year nor more than five years and shall be fined not less than $5,000 nor more than $15,000 or both the fine and imprisonment . . . .

14 V.I.C. § 2253(a). Similarly, the pertinent language of section 455(e) is:

> Notwithstanding the provisions of this section [dealing with licensing fees and renewals], no person shall be charged with possession of an unlicensed firearm if the subject weapon had been previously licensed and said license has expired not more than ninety (90) days prior to arrest . . . .

23 V.I.C. § 455(e). Hightree argues that, because section 455(e) does not specifically criminalize the failure to renew a firearms license, there is no statutory authority to charge him with a crime.

Hightree mischaracterizes the interaction between section 455(e), the rest of Chapter 5 of title 23, and section 2253(a) of title 14. Section 2253(a) criminalizes any unauthorized possession of a working firearm. The Virgin Islands Code recognizes two distinct categories of individuals who are authorized to possess firearms: those who do not have to have a license and those that do. *See* 23 V.I.C. § 453 (including, among others, members of the armed forces and federal law enforcement agents as those who do not require a license to possess a firearm); 23 V.I.C. § 454 (listing those who must have a license to possess a firearm, including a "catch-all"

category of any resident of the Virgin Islands who can establish any "proper reason for carrying a firearm"). Every person who must be licensed under section 454 must renew the license at the end of its term, which can be no more than three years, or it expires. *See* 23 V.I.C. 457 (stating that a firearm license's term "shall not exceed three years"). Section 455 provides the procedures and fees for the application and renewal of a firearms license. Subsection (e) of section 455 creates a "grace period" whereby a licensed gun owner has ninety days within which to renew his license before he can be charged with the crime of unauthorized possession of a firearm, codified at title 14, section 2253. This interpretation, that section 455(e) creates a "grace period" exception to the crime of unauthorized possession of a firearm at section 2253, is supported by the plain language of section 455(e) itself, which specifically mentions section 2253 where it states that the "grace period" exception does not apply to those owners who have possessed or used the firearm during the commission of a crime of violence. *See* 23 V.I.C. § 455(e) ("[T]his subsection shall not apply to persons who possess, bear, transport, carry or have under their control in any vehicle, any firearm during the commission or attempted commission of a crime of violence, as defined in subsection (d) of section 2253, Title 14, Virgin Islands Code.").

In this case, although Hightree had been a licensed owner of his two firearms, he allowed both licenses to lapse in 2006 and failed to renew the licenses. Because he no longer had valid licenses to possess his firearms in 2009, he was no longer authorized by law to possess them. *See* 23 V.I.C. § 452 ("No person shall have, possess, bear, transport or carry a firearm within the Virgin Islands . . . except in compliance with the provisions of [chapter 5 of title 23]."). Additionally, Hightree was outside the grace period exception of section 455(e) in 2009 when he was charged with unauthorized possession because he allowed his licenses to lapse in 2006. In short then, the People proved, and Hightree admitted, that he (1) possessed two operational firearms in the Virgin Islands and (2) was no longer authorized by law to do so. Therefore, the imposition of the penalty under section 2253(a), which criminalizes the unauthorized possession of a firearm in the Virgin Islands, was appropriate under the statute, notwithstanding the fact that section 455(e) does not prescribe criminal

penalties of its own.[1] Accordingly, the Superior Court did not commit any error, much less a plain one.

## B. We decline to address Hightree's constitutional argument because any error would not have been plain.

Hightree next argues that his conviction under section 2253(a) for unauthorized possession violates his Second Amendment right to bear arms in his home for personal protection. Hightree does not challenge all of section 2253(a) on its face, but rather challenges the government's authority to charge him with unauthorized possession under the facts of his case, arguing that: the guns were found in his home and were primarily for home protection, were once licensed but the licenses lapsed, and there was no allegation that he was a felon in possession or had any prior criminal history. Hightree bases his argument on *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637

---

[1] Hightree also argues that the language in section 455(e) stating that "no person shall be charged" is an unconstitutional legislative infringement on the executive's authority to decide whom to charge with a crime. However, because the People charged Hightree with committing a crime under section 2253(a) of title 14 and not under section 455(e) of title 23, Hightree lacks standing to challenge section 455(e). To assert standing, a litigant must show that he suffered an actual or threatened injury, that the injury is traceable to the challenged action or statute, and that the injury is capable of judicial redress. *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982); *see also Rojas v. Two/Morrow Ideas Enters.*, S. Ct. Civ. No. 2008-071, 2009 V.I. Supreme LEXIS 6, at *3 (V.I. Jan. 22, 2009) (unpublished) ("Although this Court is not an Article III court, Article III's requirement that a litigant have standing to invoke a court's authority has been incorporated into Virgin Islands jurisprudence."). Here, Hightree suffered an actual injury, in that he has been given a criminal sentence, but that injury is traceable only to section 2253(a), unauthorized possession. Section 455(e) creates an exception to section 2253(a) for gun owners whose licenses have lapsed in the last ninety days. If not for section 455(e), section 2253(a) would apply to gun owners whose licenses have expired immediately. Hightree does not, and cannot, claim that section 2253(a) would not apply to him if we were to find section 455(e) unconstitutional. Therefore, he has suffered no injury traceable to section 455(e) and lacks standing to contest its constitutionality. Furthermore, although we decline to address Hightree's argument due to lack of standing, we note that Hightree does not point this Court to a single case where the language "no person shall be charged" has been considered a legislative infringement on the executive's right to charge despite courts looking at statutes including this language, or language similar to it, for at least the last one hundred and fifty years. *See, e.g., Iasigi v. Brown*, 58 U.S. 183, 194, 15 L. Ed. 208 (1854); *Flaig v. Pest Control Comm'n*, 213 So.2d 471, 473 (Fla. Dist. Ct. App. 1968); *Williams v. State*, 140 Md. App. 463, 780 A.2d 1210, 1218 (2001); *State v. Wahlberg*, 296 N.W.2d 408, 418 (Minn. 1980).

(2008), wherein the United States Supreme Court found that the Second Amendment[2] "guarantee[s] the individual right to possess and carry weapons in case of confrontation."[3] *Id.* at 592.

■ However, we need not address Hightree's Second Amendment argument in this case. Hightree never raised this argument before the Superior Court. As stated above, we review unpreserved claims in criminal cases only for plain error, which requires that there be (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that we find seriously affects the "fairness, integrity, or public reputation of the judicial proceedings." *Nanton* 52 V.I. at 475 (internal quotation marks omitted). In this case, setting aside for the moment whether the Superior Court made any error at all, that error could not be plain. To be plain, an error must be "clear or, equivalently, obvious . . . . At a minimum, [an appellate court] *cannot correct* [a plain error] unless the error is clear under current law." *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (emphasis added) (internal quotation marks and citations omitted). The purpose behind this requirement is apparent — it is expected that a trial judge knows and applies settled law, even in the absence of an objection by one of the parties before him, in a criminal case. However, we do not expect that a trial judge should guess at every possible extension of law that might impact his case and raise each of those issues *sua sponte*.

■ Here, the only two relevant interpretations of the Second Amendment which are binding on the Superior Court, and thus "current law," are *Heller and McDonald v. City of Chicago*, 561 U.S. ___, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010). In *Heller*, the United States Supreme Court, reasoning that the Second Amendment provides an individual right to bear arms, struck down Washington D.C.'s complete ban on the possession of handguns. 554 U.S. at 595, 635. In *McDonald*, the United States Supreme Court did the same to Chicago's handgun ban. 130 S. Ct. at 3050. Both cases were civil cases, seeking declaratory or injunctive relief, which directly challenged the ban. In this criminal case, however, Hightree requests that we extend the holdings in *Heller* and *McDonald* to

---

[2] "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II.

[3] The Second Amendment applies to the citizens of the Virgin Islands through section 3 of the Revised Organic Act. *See People v. Penn*, 53 V.I. 315, 317 n.4 (V.I. Sup. Ct. 2010).

hold unconstitutional a simple licensing requirement, rather than an outright ban, despite language in both decisions of the Supreme Court indicating that the Court did *not* intend to invalidate all gun regulatory schemes. *See Heller*, 554 U.S. at 636 ("We are aware of the problem of handgun violence in this country, and we take seriously the concerns raised by the many *amici* who believe that prohibition of handgun ownership is a solution. The Constitution leaves the District of Columbia a variety of tools for combating that problem, including some measures *regulating handguns*.") (emphasis added); *McDonald*, 130 S. Ct. at 3047 ("It is important to keep in mind that *Heller*, while striking down a law that prohibited the possession of handguns in the home, recognized that the right to keep and bear arms is not 'a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.' . . . . Despite municipal respondents' doomsday proclamations, incorporation [of the Second Amendment under the Due Process Clause of the Fourteenth Amendment] does not imperil every law regulating firearms.") (citation omitted). It would be patently unfair to the Superior Court, and to the workings of justice, to find that the trial court committed a plain error because the judge failed to *sua sponte* guess at the extension of Second Amendment jurisprudence to invalidate all firearms licensing regimes, despite the important qualifying language from the United States Supreme Court to the contrary, and act upon that guess. We shall not do so today. Because (1) Hightree failed to object to the alleged error and (2) the resolution of that error is not clear, obvious, or plain under current law, we decline to address Hightree's Second Amendment claim and affirm his conviction.

## IV. CONCLUSION

 Section 2253(a) of title 14 criminalizes the unlawful possession of a firearm. Hightree's licenses to lawfully possess his firearms expired three years before the charges were filed in this case; accordingly the ninety day grace period of section 455(e) of title 23 did not apply. Therefore, Hightree was in unlawful possession of those firearms and the Superior Court did not commit plain error in failing to dismiss *sua sponte* Hightree's charges. Finally, because Hightree failed to object to his convictions on the basis of the Second Amendment to the trial court and failed to show how the scope of the Second Amendment is clear under current law as it applies to statutes requiring a license to possess a

handgun, we likewise find that the Superior Court did not commit plain error in failing to dismiss *sua sponte* Hightree's convictions. Accordingly, we affirm the Superior Court's July 30, 2010 judgment.