**LENNOX M. LeBLANC, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2011-0027

Supreme Court of the Virgin Islands

April 4, 2012

537

 

ROBERT L. KING, ESQ., Law Offices of Robert L. King, St. Thomas, USVI, *Attorney for Appellant.*

BERNARD M. VANSLUYTMAN, ESQ., Solicitor General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(April 4, 2012)

HODGE, *Chief Justice.* Lennox M. LeBlanc appeals his convictions for child abuse pursuant to title 14, section 505 of the Virgin Islands Code and unlawful sexual contact in the second degree pursuant to title 14, section 1709. He argues that section 505, as applied to him, is unconstitutionally vague. LeBlanc also contends that the trial court committed reversible error by allowing the People to introduce inadmissible hearsay into evidence. We conclude that the charging phrase of section 505 under which LeBlanc was prosecuted is unconstitutionally vague, but that the statements LeBlanc complains of do not constitute hearsay. Accordingly, we vacate LeBlanc's conviction for child abuse and affirm his conviction for unlawful sexual contact in the second degree.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

While driving in St. Thomas on August 10, 2009 at approximately 3:00 p.m., Cynthia Al-Arefi saw LeBlanc, a person whom she had met on a

previous occasion, walking along the road. She stopped to give him a ride. At the time Al-Arefi permitted LeBlanc to enter her vehicle, K.A., Al-Arefi's minor daughter, was also in the car, and since the front passenger seat was filled with documents and files belonging to Al-Arefi, LeBlanc sat in the back passenger seat next to K.A. K.A. testified that while in the backseat, LeBlanc put his hand on her crotch area. Specifically, she stated that he put four of his fingers on the crotch of her pants, over her vaginal area, and touched her vagina for approximately two to three seconds. In response, K.A. pushed LeBlanc's hand away.[1] A few moments later, Al-Arefi dropped LeBlanc off at a gas station. After LeBlanc had exited the vehicle, K.A. recounted what had transpired between herself and LeBlanc. Al-Arefi immediately pulled her vehicle over and confronted LeBlanc. LeBlanc denied touching K.A. and told Al-Arefi that it was all a misunderstanding. Al-Arefi followed LeBlanc into the lobby of a nearby car dealership and asked Irad Hawley, an employee there, if she could use the phone to call the police. Hawley testified that Al-Arefi and LeBlanc had entered the lobby of the car dealership together, and Al-Arefi asked to use the phone to call the police because LeBlanc had molested her daughter. Hawley further testified that LeBlanc responded to Al-Arefi's statement by saying that if he had done something like that, it was a mistake, and he was sorry. Al-Arefi then called the police, and kept LeBlanc from leaving the lobby of the dealership until the police arrived.

LeBlanc was arrested and subsequently charged with child abuse under 14 V.I.C. § 505 and unlawful sexual contact in the second degree under 14 V.I.C. § 1709. Following a bench trial on March 15, 2011, LeBlanc was found guilty of both counts. In a Judgment and Commitment that was entered on April 20, 2011, the Superior Court sentenced LeBlanc to three years incarceration for child abuse and one year incarceration for unlawful sexual contact in the second degree, with the sentences to run

---

[1] LeBlanc testified that he only reached for a magazine that was sitting in K.A.'s lap, but as he was reaching for it she pushed his hand away. He further stated that he never touched K.A. With the exception of this contradictory testimony concerning what happened in the backseat of Al-Arefi's car, the facts are not in dispute.

concurrently.[2] LeBlanc, although represented by counsel, timely filed a *pro se* notice of appeal.[3]

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Title 4, section 32(a) of the Virgin Islands Code gives this Court jurisdiction "over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). Since the Superior Court's April 20, 2011 Judgment and Commitment constitutes a final judgment, this Court possesses jurisdiction over LeBlanc's appeal.

Our standard of review in examining the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). Likewise, this Court's review of the trial court's construction of a statute is plenary. *V.I. Pub. Serv. Comm'n v. V.I. Water & Power Auth.*, 49 V.I. 478, 482 (V.I. 2008), *cert. denied*, No. 08-3398, slip op. at 1 (3d Cir. April 6, 2009).

### B. 14 V.I.C. § 505

LeBlanc first argues that 14 V.I.C. § 505, as applied in this case, is unconstitutionally vague and that, as a result, his conviction under the statute violated due process. He contends that the portion of the statute under which he was charged fails to establish standards that distinguish lawful from unlawful conduct. LeBlanc thus argues that this lack of standards renders section 505 unconstitutionally vague. We agree.

"To satisfy due process, a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can

---

[2] LeBlanc was also fined five hundred dollars for the child abuse conviction.

[3] LeBlanc was represented by counsel at the time he filed his notice of appeal, and the United States Constitution does not guarantee the right to "hybrid" representation. *See McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984). However, Federal Rule of Criminal Procedure 32, which is made applicable to Superior Court proceedings pursuant to Superior Court Rule 7, "creates an exception to the general rule that a criminal defendant may act only through his counsel by providing that '[i]f the defendant so requests, the [C]lerk [of the Court] must immediately prepare and file a notice of appeal on the defendant's behalf.'" *Brown v. People*, S. Ct. Crim. No. 2007-0063, 2010 V.I. Supreme LEXIS 74, at *11 n. 8 (V.I. Sept. 27, 2010) (quoting FED. R. CRIM. P. 32(j)(2)).

understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." *Skilling v. United States*, 561 U.S. ___, 130 S. Ct. 2896, 2927-28, 177 L. Ed. 2d 619 (2010). The United States Supreme Court has held that a statute is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008). Before we determine whether section 505 is unconstitutionally vague, however, this Court will satisfy itself that the appellant has standing to challenge the statute.[4] *See Government of the V.I. v. John*, 159 F. Supp. 2d 201, 204-05 (D.V.I. App. Div. 1999). Namely, we must analyze the specific allegations against LeBlanc and determine whether this statute is vague as applied to the facts of the particular charge against LeBlanc. *See United States v. Mazurie*, 419 U.S. 544, 550, 95 S. Ct. 710, 42 L. Ed. 2d 706 (1975) ("It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand."). "If [LeBlanc]'s conduct fell within the bounds of what was clearly proscribed by the statute, [he] did not have standing to challenge the vagueness of the statute, whether or not it may turn out to be vague as applied in other situations." *John*, 159 F. Supp. 2d at 205. *See Hightree v. People*, 55 V.I. 947, 952 n.1 (V.I. Dec. 13, 2011) (holding that to assert standing to challenge a statute as unconstitutional, a litigant must show that he suffered an actual or threatened injury).

 ██ The charging phrase of section 505, which LeBlanc was prosecuted under, states:

---

[4] Although this Court is not an Article III court and is not bound by its requirements, "Article III's requirement that a litigant have standing to invoke a court's authority has been incorporated into Virgin Islands jurisprudence." *Rojas v. Two/Morrow Ideas Enters.*, S. Ct. Civ. No. 2008-0071, 2009 V.I. Supreme LEXIS 6, at *3 (V.I. Jan. 22, 2009) (unpublished). "To assert standing, a litigant must show that he suffered an actual or threatened injury, that the injury is traceable to the challenged action or statute, and that the injury is capable of judicial redress." *Hightree v. People*, S. Ct. Crim. No. 2010-0063, 2011 V.I. Supreme LEXIS 48, at *8 n.1 (V.I. Dec. 13, 2011) (citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982)).

> Any person who abuses a child, or who knowingly or recklessly causes a child to suffer physical, mental or emotional injury, or who knowingly or recklessly causes a child to be placed in a situation where it is reasonably foreseeable that a child may suffer physical, mental or emotional injury or be deprived of any of the basic necessities of life, shall be punished by a fine of not less than $500, or by imprisonment of not more than 20 years, or both.

Courts in this jurisdiction have recognized that section 505 contains three charging phrases:

> First phrase: "Any person who abuses a child, or" Second phrase: "who knowingly or recklessly causes a child to suffer physical, mental or emotional injury, or" Third phrase: "who knowingly or recklessly causes a child to be placed in a situation where it is reasonably foreseeable that a child may suffer physical, mental or emotional injury or be deprived of any of the basic necessities of life. . . ."

*Charlemagne v. Government of the V.I.*, D.C. Crim. App. No. 2000-0076, 2003 U.S. Dist. LEXIS 3109, at *8 (D.V.I. App. Div. 2003) (unpublished). In count one of the information, the People charged LeBlanc under the first charging phrase of section 505 with child abuse, which is defined as "the infliction of physical, mental or emotional injury upon a child, or maltreatment, sexual conduct with a child, or exploitation of a child by any person."[5] 14 V.I.C. § 503(a). The People charged LeBlanc with violating section 505 by engaging in "sexual conduct" with K.A. Specifically, the People alleged that LeBlanc touched K.A.'s genital area through her pants. This Court must therefore determine whether LeBlanc's alleged conduct falls within the bounds of what is clearly proscribed by section 505. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982) ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

We recognize that the specific allegations against LeBlanc — that he touched K.A.'s genitals through her clothing — clearly constitute what the Legislature has defined as "sexual *contact*." *See* 14 V.I.C. § 1699(c)

---

[5] "Child" is defined as "any person under the age of eighteen (18) years." 14 V.I.C. § 503(c).

(defining sexual contact as "the intentional touching of a person's intimate parts, whether directly or through clothing, to arouse or to gratify the sexual desires of any person. The term 'intimate parts' means the primary genital area, groin, inner thighs, buttocks, or breasts of a person."). However, it is not clear whether this behavior — touching a person's intimate parts through his or her clothing — constitutes "sexual *conduct*" for purposes of committing child abuse under section 505. The Child Abuse Act fails to define the term sexual conduct.[6] Furthermore, the term "sexual conduct" is itself ambiguous. This is evident from the varying definitions that other jurisdictions have given the term. Some jurisdictions have broadly defined sexual conduct to include an array of conduct, including physical contact with a person's clothed genitals. *See, e.g.*, Mo. Rev. Stat. § 566.010;[7] Fla. Stat. Ann. § 827.071(1)(h). In contrast, other jurisdictions have given the term a narrower definition, which does not include touching a person's clothed genitals. *See, e.g.*, Ohio Rev. Code Ann. § 2907.01;[8] Cal. Penal Code § 311.4; Former La.

---

[6] Title 14, section 1027 is the only place in the Virgin Islands Code that defines "sexual conduct," in the Indecency chapter, for purposes of the crime of employing a minor to perform prohibited acts. According to section 1027(b),

"sexual conduct" means any of the following, whether actual or simulated: sexual intercourse, oral copulation, sodomy, anal-oral copulation, masturbation, bestiality, sexual sadism, sexual masochism, any lewd or lascivious sexual activity, or excretory functions performed in a lewd or lascivious manner, whether or not any of the above conduct is performed alone or between members of the same or opposite sex or between humans and animals.

However, this definition of sexual conduct is only applicable to section 1027, which criminalizes the employment of minors to perform prohibited acts, and is not applicable to section 505. See 14 V.I.C. § 1027(b) (limiting the definition of sexual conduct provided to subsection (a)).

[7] Missouri defines sexual conduct as "sexual intercourse, deviate sexual intercourse or sexual contact." Mo. Rev. Stat. § 566.010. It further defines "sexual contact" as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." *Id.*

[8] The Ohio Legislature defines sexual conduct as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." Ohio Rev. Code Ann. § 2907.01(A). Ohio additionally defines "sexual contact," which is not included within the definition of sexual conduct, as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a

Rev. Stat. Ann. § 14:81.1(B)(3), *repealed by* La. Acts 2010, No. 516, § 1, eff. Aug. 15, 2010. Moreover, some jurisdictions have multiple definitions for the term, depending on the context of its use. *See, e.g.*, Ariz. Rev. Stat. Ann. §§ 13-3501(7), 13-3551.[9] In this jurisdiction, title 14, section 1027(b) — which is not applicable to the Child Abuse Act — is the only section of the Code that defines the term "sexual conduct." Moreover, section 1027(b) defines "sexual conduct" to include "actual or simulated sexual intercourse" but does not include "sexual contact" or touching a person's clothed genitals in its definition. These contrasting statutes and definitions exemplify the ambiguity associated with the term sexual conduct. While the plain and ordinary meaning of the term clearly includes sexual intercourse, it is not apparent whether it also includes physical contact with a person's clothed genitals. In fact, as outlined above, the determination of whether the physical contact with a person's clothed genitals constitutes sexual conduct depends on the jurisdiction, and in some cases, the applicable statute in that jurisdiction.

 Here, LeBlanc was charged with engaging in sexual conduct, in violation of section 505, by touching K.A.'s genital area through her pants. Under the specific facts of this case, we cannot conclude that LeBlanc's conduct fell within the bounds of what was clearly proscribed by section 505. Moreover, as previously indicated, the Child Abuse Act does not define sexual conduct, and the term does not have a "plain and

---

female, a breast, for the purpose of sexually arousing or gratifying either person." Ohio Rev. Code Ann. § 2907.01(B).

[9] Arizona has incorporated two definitions for the term sexual conduct into its Code. For crimes related to obscenity, it is defined as "acts of masturbation, homosexuality, sexual intercourse, or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks or, if such person is a female, breast." Ariz. Rev. Stat. Ann. § 13-3501(7). For offenses related to the sexual exploitation of children, however,

"[s]exual conduct" means actual or simulated:
(a) Sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex.
(b) Penetration of the vagina or rectum by any object except when done as part of a recognized medical procedure.
(c) Sexual bestiality.
(d) Masturbation, for the purpose of sexual stimulation of the viewer.
(e) Sadomasochistic abuse for the purpose of sexual stimulation of the viewer.
(f) Defecation or urination for the purpose of sexual stimulation of the viewer.

*See* Ariz. Rev. Stat. Ann. § 13-3551.

ordinary meaning that does not need further technical explanation." *State v. Tykarsky*, 446 F.3d 458, 473 (3d Cir. 2006). Section 505 is accordingly not "sufficiently precise to give a person of ordinary intelligence fair notice as to what is permitted and what is prohibited and to prevent arbitrary and discriminatory enforcement." *Id.* Therefore, we conclude that the portion of section 505 of title 14 of the Virgin Islands Code under which LeBlanc was convicted is unconstitutionally vague and LeBlanc's conviction for child abuse violated due process.[10]

## C. Hawley's Testimony

Hawley, who is employed at the car dealership where Al-Arefi called the police, was working in the lobby when Al-Arefi followed LeBlanc into the lobby of the car dealership. At trial, he testified as follows:

[People]: So, [Al-Arefi] comes in and what happens?

[Hawley]: She asked me to use the phone, and I proceeded and gave her a phone to use which was in the corner of the building, and she was trying to use the phone, and she also said that —

[LeBlanc's Attorney]: Objection. Hearsay.

The Court: Overruled.

[People]: So, what did she say?

[Hawley]: She came in with another gentlemen, rasta guy with a band aid on his face, and she said to me this gentlemen had molested her daughter.

[People]: And so what happened at that point, did she use the phone?

[Hawley]: She used the phone.

[People]: And then what happened?

---

[10] Albeit for different reasons, we join the Appellate Division in urging the Department of Justice to submit legislation clarifying the first charging phrase of section 505. *See Government of the V.I. v. John*, 159 F. Supp. 2d 201, 206 n.8 (D.V.I. App. Div. 1999). Specifically, we would urge the Department of Justice to submit legislation defining what conduct constitutes "sexual conduct."

[Hawley]: The gentlemen was saying to her, he did call her by name, Cynthia [Al-Arefi] and he said, well if I did something like that, it might have been a mistake, and he was sorry.

(J.A. 27.) LeBlanc argues that this testimony constitutes inadmissible hearsay. He contends that Hawley's testimony concerning Al-Arefi's statement that LeBlanc had molested her daughter should have been excluded under Federal Rule of Evidence 801(d)(1)(B), and Hawley's testimony regarding LeBlanc's response — that if he did do something like that, it was a mistake — should have been excluded under Rule 801(c). We disagree.

■■ The Federal Rules of Evidence define hearsay as a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. *See* FED. R. EVID. 801(c) (defining hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."). The determination of "[w]hether evidence is hearsay is a question of law subject to plenary review." *See United States v. Sallins*, 993 F.2d 344, 346 (3d Cir. 1993). Here, Hawley's testimony concerning Al-Arefi's statement that LeBlanc had molested her daughter does not qualify as hearsay because it was not offered for its truth. Rather, the People offered Al-Arefi's statement to put LeBlanc's response in context and to help make what he said in reaction to Al-Arefi's statement intelligible to the trier of fact. "[O]ut-of-court statements are not hearsay if they are offered not for the truth but to put the defendant's statements in context or to make what he said and did in reaction to the [declarant's] statements intelligible to the jury." *United States v. Gaytan*, 649 F.3d 573, 579-80 (7th Cir. 2011) (holding confidential informant's statements were not hearsay because they were not offered for their truth, but to put defendant's own words — which would have been unintelligible otherwise — in context). Al-Arefi's statement was not being offered to prove that LeBlanc molested K.A., but rather to show its effect on the listener, LeBlanc. Without the context provided by Al-Arefi's statement accusing LeBlanc of molesting her daughter, his response would have been confusing and incomplete. *See United States v. Levy*, 335 Fed. Appx. 324, 328 (4th Cir. 2009) (holding emails introduced at trial were not hearsay because they were not offered for their truth, but rather to place the admissions by the defendant in her response emails into context). The

trial court therefore did not err in allowing Hawley to testify concerning Al-Arefi's statement.

■■■ Similarly, the trial court did not err in allowing Hawley to testify regarding LeBlanc's response to Al-Arefi's statement. LeBlanc argues that this testimony should have been excluded as inadmissible hearsay under Rule 801(c). While LeBlanc correctly notes that his response to Al-Arefi's accusation that he molested her daughter meets both criteria of Rule 801(c), he completely ignores Rule 801(d), which defines "statements that are not hearsay." Specifically, under Rule 801(d)(2)(A), a statement "offered against an opposing party" that "was made by the party" is not hearsay. At issue here is a statement made by LeBlanc and introduced at trial by the People against LeBlanc. It thus falls under the party admissions provision of the FRE, Rule 801(d)(2)(A), and does not constitute hearsay. *See United States v. Penaloza*, 648 F.3d 539, 546-47 (7th Cir. 2011) (recognizing that witness's testimony about defendant's confession was a routine and entirely permissible introduction of a nonhearsay admission by a party-opponent under Rule 801(d)(2)(A)). Accordingly, the trial court properly admitted the defendant's statement.

## III. CONCLUSION

The portion of title 14, section 505 under which LeBlanc was charged is unconstitutionally vague because neither that provision nor the Child Abuse Act defines sexual conduct and the term does not otherwise have a plain and ordinary meaning. The trial court, however, did not err in admitting Hawley's testimony because neither of the two complained of statements constituted hearsay. We therefore vacate LeBlanc's conviction for child abuse and affirm his conviction for unlawful sexual contact in the second degree.